326 So.2d 692

**Gary David SMITH**

v.

**STATE.**

**7 Div. 380.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Rehearing Denied Dec. 9, 1975.

William J. Baxley, Atty. Gen., and William A. Davis, III, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

The charge was rape, the verdict guilty and sentence is ten years in the State's penitentiary.

The prosecutrix testified that Smith—whom she identified from pictures, in a lineup (where he had a lawyer) and in court—came to her apartment December 20, 1974. He asked directions to the apartment of another woman. On the prosecutrix's undoing the door chain to point out beyond the entry, Smith pulled a gun and forced his way inside. Her scream was heard by a ten year old child. Smith forced himself upon the prosecutrix, having torn her garments off. She further testified that he slapped her and her chest got scratched.

Wilson, Propst & Ison and Gordon F. Bailey, Jr., Anniston, for appellant.

In the course of the intercourse the prosecutrix noticed a question mark tattooed on Smith's hip. A police photograph

corroborated this proof. The State proved penetration and early complaint.

Smith's defense was alibi. Though he did not take the stand, he proferred one Patricia McGinnis who stated she was with appellant in the afternoon and evening of December 20, 1974. The jury had her testimony read back by the court stenographer, over objection of defense counsel. .

## I

■ The first claim of error is based on the judge's overruling this objection.

We consider that the trial judge did not abuse his judicial discretion in letting the jury hear from the reporter's notes. There is no claim of inaccuracy of the reading as was shown in *Adams v. State,* 46 Ala.App. 402, 243 So.2d 386.

We see no prejudice to the appellant from the repetition. *Morrow v. State,* 52 Ala.App. 145, 290 So.2d 209. See also, *Autry v. State,* 34 Ala.App. 225, 38 So.2d 348; Anno. 50 A.L.R.2d 176, § 2(a).

■ Ordinarily the judge admonishes the jury that they, as triers of fact, should pay attention to the witnesses and remember the testimony. Certainly he, under Code 1940, T. 7, § 270 [1], may not without a request charge on the effect of the testimony. Therefore, the only way the jurors can refresh their recollection of viva voce evidence under our present reporting system is to have a reading from the notes taken in open court.

■ A party may always tender a written requested charge that the jury must consider all the evidence. Such a charge could have been tendered in circumstances

such as we have here because the jury is not in retirement.

## II

■ The defense, at the close of the State's case in chief, moved to exclude the evidence. One of the grounds was failure of proof of penetration. On appeal his argument boils down to:

"* * * By the State's own testimony, there was no evidence of penetration except that of the prosecutrix who according to her testimony, had never previously engaged in sexual intercourse."

On both direct and cross examination the prosecutrix testified that she was penetrated. On cross she further was asked if she was aware of the meaning of the term. (R. 108).

Appellant mistakes the office of corroboration in rape cases. At common law corroboration was adjured as a help to the jury but it was not, and is not, a mandatory element of proof. iv. Blackstone Comm. 213. Certainly a woman taken forcibly or under duress cannot rationally be considered as an accomplice of the rapist. Plainly, Code 1940, T. 15, § 307 does not fit a ravisher.

■ The fact that a physician cannot detect laceration of the vagina, vulva or pubic area of the victim, does not negative penetration. Such a fact may be negative proof on the issue of consent vel non. But as negative proof its office is to raise doubt, not to take the case from the jury.

■ Moreover, the physician did testify as to the prosecutrix's having a bruised cheek. Other corroborative testimony came from her screaming as Smith forced himself into her apartment. Another wit-

---

1. "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties." Code 1940, T. 7, § 270.

ness testified that Smith came to her apartment afterwards and she saw the gun. He also hid until a detective went away. The photograph of the question mark on Smith's hip tells more than a thousand words to bear out the prosecutrix, particularly where the defendant did not rely on consent, but only identification.

Her making a complaint to another female tenant of the building at the earliest possible moment is admissible—strictly not as corroborative—but to show consistency with her trial testimony, a kind of allowable anticipatory bolstering of a witness.

The motion was palpably frivolous. The affirmative charge was not warranted.

We have carefully reviewed the entire record and consider the record is free of error. The judgment of conviction is

Affirmed.

All the Judges concur.