SMITH v. DIGMON, WARDEN, ET AL.

No. 76–6799. Decided January 16, 1978

PER CURIAM.

Petitioner sought habeas corpus relief in the United States District Court for the Northern District of Alabama from his sentence following a judgment of conviction for rape in the Circuit Court of Calhoun County, Ala. Among the allegations of constitutional error in his trial—presented to the District Court in petitioner's traverse to the State's response to his petition—petitioner claimed that the in-court identification of him by the prosecuting witness was the product of an out-of-court identification at an impermissibly suggestive photographic array and a later uncounseled lineup. The District Court refused to entertain this claim on the ground, recited in its opinion, that "this issue has never been presented to any state court." No. 77–A–0029–E (mem. filed Feb. 11, 1977). This conclusion was premised upon the absence of any reference to the contention in the reported opinion of the Alabama Court of Criminal Appeals affirming the conviction. *Smith* v. *State*, 57 Ala. App. 164, 326 So. 2d 692 (1975). The District Court stated: "It is inconceivable to this Court that had

Smith raised that issue [in the Alabama Court of Criminal Appeals] that [that court] would not have written to it." The Court of Appeals for the Fifth Circuit denied petitioner's *pro se* application for a certificate of probable cause and for leave to appeal *in forma pauperis*. No. 77–8141 (Apr. 20, 1977).

In his *pro se* petition for certiorari, petitioner asserted that "[i]t is beyond doubt that State remedies have been exhausted." Pet. for Cert. 3. This Court directed the filing here of the briefs submitted to the Alabama Court of Criminal Appeals. Petitioner's brief to that court reveals that petitioner, citing decisions of this Court,[1] did indeed submit the constitutional contention that the prosecuting witness' in-court identification should have been excluded from evidence because that identification derived from an impermissibly suggestive pretrial photographic array and a later uncounseled lineup; moreover, the State Attorney General's brief devoted two of its seven pages to argument answering the contention.[2]

It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U. S. C. § 2254 (b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, and, indeed, in this case, vigorously opposed in the State's brief. It is equally obvious that a district court commits plain error

---

[1] *Simmons* v. *United States*, 390 U. S. 377 (1968); *United States* v. *Wade*, 388 U. S. 218 (1967); *Gilbert* v. *California*, 388 U. S. 263 (1967); *Stovall* v. *Denno*, 388 U. S. 293 (1967).

[2] Inexplicably, the Attorney General's response to the petition for certiorari, which squarely presented the question whether habeas "was improperly denied," made no mention whatever that his brief to the Alabama Court of Criminal Appeals had joined issue on the pretrial photographic array and lineup issues, and did not point out that the District Court erred in stating in its order that "this issue has never been presented to any state court." Rather, the response argued only that petitioner had raised only two other issues in federal court neither of which was cognizable on habeas.

in assuming that a habeas petitioner must have failed to raise in the state courts a meritorious claim that he is incarcerated in violation of the Constitution if the state appellate court's opinion contains no reference to the claim.

The motion to proceed *in forma pauperis,* and the petition for certiorari are granted. The order of the Court of Appeals and the judgment of the District Court are reversed, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

MR. JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and MR. JUSTICE BLACKMUN join, concurring in the result.

I am not at all certain that the petitioner properly raised before the Court of Appeals the error upon which we today reverse and remand. While petitioner filed a *pro se* application for probable cause and for leave to appeal *in forma pauperis* with the Court of Appeals, as far as the record shows, he did not allege any particular error on the part of the District Court. Again as far as the record shows, petitioner failed to bring the District Court's error to anyone's attention until his petition for certiorari in this Court. The lower courts are better equipped and suited to resolve factual errors of the nature raised here and such errors should therefore be raised before them in the first instance. Indeed, we would seem limited to only those questions explicitly presented to the Court of Appeals.

However, because it is now clear that the District Court erred in concluding that the petitioner had not raised the in-court identification issue before the state courts, I defer to the Court's necessarily implied conclusion that the question was presented to the Court of Appeals and concur in the result.