Carlos GARCIA, Petitioner,

v.

Charles SCULLY, Warden; and Robert Abrams, Attorney General, State of New York, Respondents.

No. CV 81 3860.

United States District Court, E. D. New York.

May 10, 1982.

Carlos Garcia, pro se.

Elizabeth Holtzman, Dist. Atty., Kings County, Brooklyn, N. Y. (Luise Barrack, Brooklyn, of counsel), for respondents.

### DECISION AND ORDER

BRAMWELL, District Judge.

Petitioner Carlos Garcia, by petition dated November 18, 1981, seeks release from New York State custody pursuant to 28 U.S.C. § 2254 (1976).

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Garcia was convicted of manslaughter in the first degree and felony murder after a jury trial before the Honorable Joseph R. Corso in Supreme Court, Kings County. On June 20, 1975, a judgment of conviction was entered sentencing petitioner to a term of imprisonment of ten to twenty years on the manslaughter count and a term of twenty-five years to life on the felony murder count. The terms were imposed to run concurrently.

The judgment of conviction was unanimously affirmed without opinion by the Appellate Division, Second Department. *People v. Garcia*, 58 A.D.2d 1043, 396 N.Y.S.2d 748 (2d Dept. 1977). Leave to appeal to the New York Court of Appeals was thereafter denied by the Honorable Sol Wachtler on September 9, 1977. *People v. Garcia*, 42 N.Y.2d 1002, 398 N.Y.S.2d 1045, 368 N.E.2d 51 (1977).

Mr. Garcia premises the instant petition on an alleged defect in the trial court's charge on the intent required to convict on manslaughter. He claims that the "natural and probable consequences" intent charge given here was of the type recently condemned by the Supreme Court in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and therefore his conviction cannot stand.

In *Sandstrom v. Montana*, the Supreme Court reversed the defendant's conviction for homicide on the ground that on the issue of intent the trial court had charged that "the law presumes that a person intends the ordinary consequences of his voluntary acts." 442 U.S. at 512, 99 S.Ct. at 2453. The Court found that because such a charge either impermissibly shifted the People's burden of proving every essential element of the crime to the defendant, or created a conclusive presumption of intent, it was unconstitutional. *Id.* at 519, 99 S.Ct. at 2456, *see Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (unconstitutional shifting of burden of proof to defendants). *See also United States v. United States Gypsum Company*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978); *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) (unconstitutional conclusive presumptions).

In the case at hand, the pertinent portion of the charge on manslaughter reads as follows:

> There is a presumption of law upon which you may rely, that a person intends the natural and probable consequences of his act and unless an act is done under circumstances or conditions that might preclude the existence of such an intent, you, the jury, have the right to find intent from the results produced.

The respondents argue three points in opposition. They argue that petitioner is procedurally barred from raising the claim in this habeas proceeding because he failed to register a timely objection to the charge in conformity with N.Y.Crim.Proc. Law § 470.05(2). *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In addition, they argue that petitioner failed to present the claim to the state courts in his direct appeal and therefore cannot be said to have exhausted state remedies available to him. *See* 28 U.S.C. § 2254(b), (c). Finally, on the merits, they argue that the charge on intent given here is distinguishable from the one condemned by the Supreme Court in *Sandstrom*.

### PROCEDURAL DEFAULT

Petitioner concedes that his attorney at trial failed to register a timely objection to

the charge and this would constitute a procedural default barring habeas review within the meaning of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Apparently conversant with the *Wainwright* case, petitioner goes on to characterize his attorney's incompetence as being adequate "cause" for the default, thereby excusing him from the bar of *Wainwright. Wainwright v. Sykes* at 84, 97 S.Ct. at 2505.

The Supreme Court, in *Sykes*, held that a federal court presented with a habeas petitioner's federal constitutional claim is barred from reaching the merits of such claims when a petitioner has failed, as a matter of state law, to comply with an available procedural mechanism by which he could have challenged an alleged constitutional violation. *Wainwright v. Sykes*, 433 U.S. at 74, 97 S.Ct. at 2499. Thereafter, the court went on to propound the so-called "cause and prejudice" test whereby such a procedural default could be eliminated as a bar to federal habeas review providing "cause" for the noncompliance plus a showing of actual "prejudice" from the constitutional violation could be shown. *Id.* at 84, 97 S.Ct. at 2505. *See also Klein v. Harris*, 667 F.2d 274, 284–85 (2d Cir. 1981).

■ The "cause and prejudice" analysis of Sykes is only triggered however, where "the federal court determines that the state courts have refused to hear a petitioner's federal constitutional claim because of a state law procedural default." *Klein v. Harris, supra* at 285. In a case such as the one at hand, where the state appellate courts affirm without opinion, this determination is sometimes difficult.

■ In the instant case however, the determination is, by virtue of a recent case law development, relatively easy. In *Klein v. Harris*, the Second Circuit instructs us that in a situation such as the one presented here, where the parties are in agreement that the federal constitutional claim was never raised on direct appeal, the Appellate Division's silence cannot properly be construed as a finding of a procedural default. This would have to be so, ·in the Second Circuit's opinion, because where "the New York appellate courts were not at [that] time even *asked* to consider Klein's federal constitutional claim, [the Court could not] possibly hold that those courts invoked a state procedural rule to *preclude* their consideration of that claim." *Klein v. Harris*, 667 F.2d at 286. [Emphasis in original]

Applying this analysis, it at once becomes apparent that a finding of procedural default here is impossible since the Appellate Division was never even asked to consider Garcia's *Sandstrom* claim. *Id.* Accordingly, the "cause and prejudice" analysis of *Sykes* is not triggered here in the absence of a procedural default on petitioner's part.

It is to the somewhat related but "analytically distinct" issue of exhaustion that I now turn. *Klein v. Harris, supra* at 282.

EXHAUSTION

■ It is now well settled that a Federal District Court is given power to entertain an application for a writ of habeas corpus only if:

the applicant has exhausted the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. § 2254(b) (1976). Accordingly, exhaustion of state remedies is an acknowledged prerequisite to federal habeas corpus jurisdiction. As part of this requirement, the petitioner must have premised his petition on an error of federal constitutional dimension in the state courts. *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Klein v. Harris*, 667 F.2d 274 (2d Cir. 1981); *Daye v. Attorney General*, 663 F.2d 1155 (2d Cir. 1981); *Kaplan v. Bombard*, 573 F.2d 708 (2d Cir. 1978); *Wilson v. Fogg*, 571 F.2d 91 (2d Cir. 1978); *Fielding v. LeFevre*, 548 F.2d 1102 (2d Cir. 1977); *Cameron v. Fastoff*, 543 F.2d 971 (2d Cir. 1976).

■ The Supreme Court, in interpreting this requirement, has held that the federal constitutional claim presented for review in

the habeas proceeding must have been "fairly presented," *Picard v. Connor, supra,* 404 U.S. at 275, 92 S.Ct. at 512, and passed on by the state appellate courts before such claim is properly before the Federal District Court. *See Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978); *Anderson v. Casscles,* 531 F.2d 682 (2d Cir. 1976). This is to prevent "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution ..." *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (quoting *Ex Parte Royall,* 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886). In other words, the law requires "a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Id.*

Here, however, petitioner's appeal in the state court concerned itself exclusively with two issues. Firstly, he asserted that the prosecutor's questioning of one Lizandra Rosa, a key witness for the People, was improper to the extent it utilized leading question. Secondly, he asserted that the court's charge on bias and hostility of the People's witnesses impermissibly buttressed the testimony of Ms. Rosa. Both contentions were apparently rejected. Nowhere was even the slightest reference to a *Sandstrom* problem made reference to. Under these circumstances, it cannot be said that the constitutional sufficiency of the court's intent charge was ever "fairly presented" to the state courts. *Picard v. Connor, supra,* 404 U.S. at 275, 92 S.Ct. at 512. Therefore, the Court is powerless to address the merits of the instant claim at this time.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is hereby DISMISSED without prejudice to petitioner's right to rebring the petition at such time as the New York appellate courts have been given an opportunity to address the merits of petitioner's claim.

IT IS

SO ORDERED.