961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patrick H. YOUNG, Petitioner-Appellant,
v.
Jack COWLEY and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6011.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Young, a state prisoner, filed a pro se petition for habeas relief under 28 U.S.C. § 2254. After referring the matter to a Magistrate Judge, the District Court denied relief and dismissed the petition. Young v. Cowley, No. CIV-91-1428-A (W.D.Okla. filed Dec. 18, 1991). The District Court further denied Mr. Young permission to proceed in forma pauperis and denied him a certificate of probable cause. Id. Mr. Young appeals pro se.
 
 
 3
 We grant Mr. Young permission to proceed in forma pauperis.
 
 
 4
 In January 1988, Mr. Young, with the assistance of counsel, entered his plea of guilty to nine separate felonies and received an aggregate sentence of life plus forty-five years. Mr. Young now attacks these felony convictions.
 
 
 5
 In his pro se habeas petition, Mr. Young asserted: (1) he "was denied a proper judicial determination of his competency" prior to the stated court's acceptance of his guilty pleas; and (2) the state court allowed an unsworn narrative statement by the victim at his sentencing hearing.
 
 
 6
 The Magistrate Judge found Mr. Young had exhausted his state remedies. The Magistrate Judge reviewed the state court transcript and concluded the record failed to support Mr. Young's contentions surrounding the competency issue and further found the state court record supported the state trial court's factual determination that Mr. Young was competent.
 
 
 7
 Concerning Mr. Young's second contention, the Magistrate Judge found the state court record revealed the victim, in open court, made a short statement to the state court in the presence of Mr. Young and his counsel. The record failed to show the victim was sworn. When presented with this issue, the Oklahoma Court of Criminal Appeals concluded: (1) error was waived when Mr. Young and his counsel failed to object; (2) as neither Mr. Young nor his counsel made any attempt to cross-examine the victim, Mr. Young's right of confrontation was not violated; and (3) the testimony of the victim was merely cumulative to the information contained in the presentence report. The Magistrate Judge likewise concluded the error was harmless.
 
 
 8
 The District Court reviewed the Magistrate Judge's findings and recommendations and adopted them.
 
 
 9
 In his pro se appeal to this court, Mr. Young raises the same arguments yet fails to tell us why the District Judge was wrong. He merely asserts he was illiterate and the state court failed to ask him to explain, in his own words, the facts and consequences underlying his guilty plea.
 
 
 10
 We have reviewed the record on appeal and are in substantial agreement with the actions of the District Court. We therefore AFFIRM the judgment of the District Court for substantially the same reasons set forth by the Magistrate Judge in his nine-page Findings and Recommendations of November 21, 1991, a copy of which is attached.
 
 ATTACHMENT
 
 11
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA
 
 
 12
 Patrick Henry Young, Petitioner,
 
 
 13
 v.
 
 
 14
 Jack Cowley, Warden, Defendant.
 
 CIV-91-1428-A
 Nov. 21, 1991
 
 15
 FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 16
 This is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by an Oklahoma prisoner challenging his convictions received in the District Court of Oklahoma County, Oklahoma. These convictions for Robbery with a Firearm (three counts), Rape in the First Degree, Rape by Instrumentation, Forcible Oral Sodomy, Unauthorized Use of a Motor Vehicle (two counts), and Burglary in the Second Degree, were entered on January 26, 1988 pursuant to Petitioner's pleas of guilty. For these convictions, Petitioner received an aggregate sentence of life imprisonment plus 45 years. State of Oklahoma v. Young, Case Nos. CRF-87-5114 and CRF-87-6898. The convictions were confirmed on appeal. Young v. State, Case No. C-88-443, Order Denying Petition for Certiorari (Okl.Cr. filed August 18, 1989).
 
 
 17
 In accordance with 28 U.S.C. § 636(b)(1)(B), the petition has been referred to the undersigned for the purpose of submitting findings and a recommendation for the proper resolution of the case. Respondent has answered the petition, contending that the petition should be dismissed for failure to exhaust state remedies. Respondent has also filed the state court record and a transcript of the hearings conducted on the guilty pleas, sentencing, and Petitioner's motion to withdraw his plea of guilty. See Exhibit B to Respondent's Memorandum Brief in Support of Motion to Dismiss Petition for Writ of Habeas Corpus (hereinafter Respondent's Brief). Petitioner has filed a Traverse.
 
 
 18
 The petition asserts two grounds for habeas relief: Ground One alleges that the Petitioner "was denied a proper judicial determination of his competency as was required prior to the acceptance of his plea of guilty. U.S.C.A. 14th Amend." Ground Two alleges that "the allowing of an unsorn (sic) narrative statement by the prosecutrix immediately prior to the sentencing prejudiced the Petitioner's right to a fair and impartial sentencing hearing." In consideration of well established statutory and judicial requirements of exhaustion, Respondent contends that Petitioner did not raise on appeal any issue of a denial of a judicial determination of competency, and, therefore, Respondent urges that the petition be dismissed as a mixed petition due to the Petitioner's failure to exhaust Ground One of the petition.
 
 
 19
 The Petitioner objects to the Respondent's contention, citing the argument that appears in his Petition in Error filed in the Oklahoma Court of Criminal Appeals in Young v. State, Case No. C-88-443, at 4, in which Petitioner, through appointed counsel, argues that
 
 
 20
 Additionally, this Court in Coyle reaffirmed its concern that a proper judicial determination of Petitioner's competency was required prior to the acceptance of the plea of guilty. The dialogue in the instant case is extremely similar to the dialogue criticized by this Court and determined by this Court to be incomplete in Coyle, supra. The trial judge in the instant case merely asked the defendant's attorney if she believed he was mentally competent to understand the nature, purposes, and consequences of the proceedings, and additionally the Court asked the defendant if he had ever been treated for mental illness. In light of the defendant's statements that he had in fact been treated by a psychiatrist approximately two to three years before and a limited nature of the inquiry in the instant case, the Court clearly failed to make a sufficient finding of competency. Petitioner's plea of guilty must be withdrawn.
 
 
 21
 See Exhibit D to Respondent's Brief.
 
 
 22
 The Oklahoma Court of Criminal Appeals did not, however, address the issue raised by Petitioner as to the sufficiency of the trial court's competency determination, although the appellate court reached the merits of issues raised by Petitioner regarding the sufficiency of the factual basis for the pleas and alleged error in the admission of testimony by the victim at sentencing. See Exhibit E to Respondent's Brief.
 
 
 23
 It is well settled that "once [a] federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." Picard v. Connor, 404 U.S. 270, 275 (1971). Exceptions to the exhaustion requirement, codified at 28 U.S.C. § 2254(c), have been recognized "where the state has actually passed upon the claim, as in Brown [v. Allen, 344 U.S. 443 (1953) ]; and where the claim has been presented as of right but ignored and therefore impliedly rejected, as in [ Smith v. Digmon, 434 U.S. 332 (1978) (per curiam) ]. In both those contexts, it is fair to assume that further state proceedings would be useless." Castille v. Peoples, 489 U.S. 346, 351 (1989).
 
 
 24
 The Oklahoma Court of Criminal Appeals did not address the competency issue raised in the Petitioner's brief on appeal and again asserted in the instant petition. Under the circumstances, and in view of recognized authorities, the undersigned finds that Petitioner has exhausted his state court remedies by presenting the issues raised herein before the state courts. In the alternative, an exception to the general rule of exhaustion applies in the instant case where the issue was presented to the state court but ignored.
 
 
 25
 Petitioner alleges a denial of due process as a result of the trial judge's failure to conduct an independent "judicial determination of his competency" prior to accepting the Petitioner's guilty pleas. The record is contrary to Petitioner's claim. In the colloquy between the trial judge and the Petitioner at the plea proceeding, the trial judge inquired whether Petitioner was taking any medication, to which Petitioner testified that he had taken cold tablets on the day before the hearing at approximately 12:00 p.m. The judge then asked whether the medication was affecting Petitioner's judgment, and Petitioner replied, "No, sir." See Exhibit B to Respondent's Brief, at 1. The trial judge inquired as to any previous treatment for a mental illness, and Petitioner replied that he had been treated by a psychiatrist. He could not remember the exact date but it was "about two years ago, maybe three." Id. at 2. When asked if it could have been 1985, Petitioner replied that it occurred in "about 1983." Id. The trial judge then asked Petitioner if it was accurate to say that he went to see a psychiatrist for therapy for a while and then was released, to which Petitioner replied, "Yes, sir." Id. When asked if he was treated voluntarily or ordered to go, Petitioner replied "A school ordered me, sir." Id. The trial judge then asked if Petitioner was going to school at the time. Petitioner replied, "US Grant." Id. at 3. The trial judge then inquired of Petitioner's counsel as to whether counsel had any reason to believe that her client was "not mentally competent to appreciate and understand the nature, purpose and consequences of this proceeding and to assist you in presenting any defense he may have to this charge." Id. Counsel replied, "No, Your Honor. He's competent." Id. The trial judge inquired as to whether counsel had "any reason to believe that [her] client was not mentally competent to appreciate and understand the nature, purpose and consequences of his acts at the time they were committed and out of which the charges contained in the Information arose," to which counsel again replied in the negative. Id. After inquiring as to Petitioner's understanding of his trial rights, the voluntariness of the pleas, the Petitioner's desire to enter guilty pleas, and the factual bases for the pleas (contained in affidavits), the trial judge entered a finding that Petitioner was competent to understand the proceeding and its consequences, and the trial judge also found that Petitioner was competent to appreciate and understand the acts he committed and their consequences. Id. at 8.
 
 
 26
 The trial judge's factual conclusion regarding Petitioner's competency is "fairly supported by the record" of the plea proceeding, and is therefore entitled to a presumption of correctness. 28 U.S.C. § 2254(d); Maggio v. Fulford, 462 U.S. 111, 117 (1983) (per curiam). Petitioner's mere allegation that the dialogue at the plea proceeding was "incomplete" is insufficient to overcome the presumption. The trial judge did not merely rely on "demeanor evidence," but made specific inquiries of Petitioner and his counsel into Petitioner's competency to enter the pleas. Although Petitioner alleges he has a "prior history of irrational conduct," none can be inferred from the record, and Petitioner has not demonstrated that any such evidence exists. The Petitioner's claim is without merit.
 
 
 27
 In Ground Two of the petition, the Petitioner alleges that his rights to confrontation, due process, and equal protection were violated by the "prejudicial effect" of the admission at sentencing of a narrative statement by the victim. Petitioner also alleges that the Oklahoma Court of Criminal Appeals' finding on this issue is an "abuse of discretion" and "fundamental error."
 
 
 28
 The appellate court found that the "short statement to the court" made by the victim of the Petitioner's sexual assault at his sentencing was consistent with Oklahoma statutory procedures and prior precedent. Oklahoma law provides that:
 
 
 29
 After a plea or verdict of guilty in a case where the extent of the punishment is left to the court, the court, upon suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct.
 
 
 30
 22 O.S. 1981, § 973. Title 22 O.S. 1981, § 974 provides that the circumstances generally must be presented by witnesses' testimony in open court except in specific situations in which the witness is unable to attend.
 
 
 31
 The Oklahoma Court of Criminal Appeals found error only in the failure of the trial court to place the victim under oath prior to her testimony. The appellate court found that the error was waived because Petitioner failed to object to the omission and that no fundamental error occurred as a result of the omission of the oath. The appellate court further found that the "Petitioner made no attempt to cross-examine the witnesses," and therefore no right of confrontation that Petitioner may have had was violated. The appellate court concluded that "the testimony of the victim was merely cumulative to the information contained in the Pre-Sentence Report specifically requested by Petitioner." Therefore, no reversible error was committed by allowing the victim to make her statement in open court. See Exhibit E to Respondent's Brief, at 5.
 
 
 32
 The record of the sentencing proceeding is consistent with the state appellate court's findings with regard to what transpired at that proceeding. Petitioner and his counsel were present when the victim made her statement in open court, and no attempt was made by the defense to cross-examine the victim, although the trial court specifically gave Petitioner and his counsel the opportunity to speak immediately after the victim's statement. Thus, assuming that Petitioner retained a right of confrontation for sentencing purposes following his guilty pleas, see Bullington v. Missouri, 451 U.S. 430, 446 (1981) (recognizing that "many of the protections available to a defendant at a criminal hearing also are available at a sentencing hearing [including the] right to confront witnesses ..."), the Petitioner was not denied his right of confrontation where the victim's testimony was received in open court and she was available for cross-examination.
 
 
 33
 The standard governing federal habeas corpus review of the admission of victim impact evidence is limited to a determination whether the use of the victim impact statement made the sentencing hearing "so fundamentally unfair as to deny him due process." Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974). Accord, Payne v. Tennessee, 111 S.Ct. 2597, 2608 (1991) (victim impact evidence may be the subject of a collateral attack on a capital sentence where it "is so unduly prejudicial that it renders the trial fundamentally unfair" within the meaning of the Due Process Clause). In Payne v. Tennessee, the Supreme Court overruled its prior opinion in Booth v. Maryland, 482 U.S. 496 (1987) and its successor South Carolina v. Gathers, 440 U.S. 95 (1989), in which the Court had held unconstitutional the use of victim impact statements in capital sentencing proceedings. Id. at 2609. The Court recognized in Payne that where judges have discretion to impose sentence, "the consideration of the harm caused by the crime has been an important factor in the exercise of that discretion ..." Id. at 2606. The Court also recognized that Congress and most of the states have enacted legislation to allow the sentencing authority to consider information about the harm caused by crimes committed by the defendant. Id. In the Court's opinion, "victim impact evidence serves entirely legitimate purposes ...," and, consequently, the Eighth Amendment does not preclude the admission of such evidence or prosecutorial argument on the subject. Id. at 2608, 2609.
 
 
 34
 The state appellate court found in Petitioner's case that the victim's testimony was merely cumulative to information already contained in the presentence investigation report prepared at Petitioner's request. Oklahoma law requires that the presentence investigation report include "the voluntary statement of the victim concerning the offense [and] the amount of the loss of the victim ..." The Petitioner stated to the court at sentencing that he did not disagree with any of the facts in the presentence report and that he did not have anything he wanted to say.
 
 
 35
 The record shows Petitioner had the opportunity to rebut both the oral and written statements of the victim, and he has not demonstrated that the victim's remarks so prejudiced him that he was deprived of a fundamentally fair sentencing proceeding.
 
 
 36
 Accordingly, the undersigned recommends that the writ of habeas corpus be denied and the cause dismissed. Because the petition does not comprehend issues of federal constitutional deprivations warranting further judicial review, the undersigned further recommends that leave to proceed on appeal in forma pauperis and a certificate of probable cause be denied. As provided by law, any appeal/objection shall be filed on or before the 6th day of December, 1991. This statutory enlargement of time obviates the need for any motions for enlargement of time.
 
 
 37
 /s/ RONALD L. HOWLAND
 
 UNITED STATES MAGISTRATE JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3