145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel PORTER, Petitioner-Appellant,
v.
Brenda BURNS, Warden, Northern Nevada Correctional Center;
Frankie Sue Del Papa, Respondents-Appellees.
 No. 97-15334.
D.C. No. CV-95-00507-ECR.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the District of Nevada Edward C. Reed, Jr., District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Porter, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred by denying his ineffective assistance of counsel, involuntary plea, and cruel and unusual punishment claims. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995). We affirm.
 
 A. Ineffective Assistance of Counsel
 
 3
 Porter's numerous allegations in support of his ineffective assistance claim essentially state two contentions: counsel was ineffective because (1) he encouraged Porter to enter an Alford plea to an intent to sell charge when the amount of marijuana which Porter possessed, 2.42 grams, was less than the statutory minimum required for the crime; and (2) the plea to an intent to sell charge rendered Porter ineligible for civil confinement in a drug treatment facility.[1] We reject both contentions.
 
 
 4
 The premise of Porter's ineffective assistance claim--that Porter could not have been convicted of an intent to sell count because he possessed less than four grams of marijuana--appears to be based upon a misapprehension of state law. Porter entered an Alford plea to Nev.Rev.Stat. § 453.337, possession of a controlled substance with intent to sell. Under Nevada law, the amount of a controlled substance needed to sustain a conviction under Nev.Rev.Stat. §§ 453.011 to 453.552 is merely the amount necessary to identify the substance. See Nev.Rev.Stat. § 453.570 (Michie 1991); cf. Nev.Rev.Stat. § 453.3385 (Michie 1991) (drug trafficking in controlled substance other than marijuana requires four-gram minimum).
 
 
 5
 Because Porter's criminal history included at least one felony conviction for a crime against a person, Porter was ineligible for civil confinement. See Nev.Rev.Stat. 458.300(1), (4) (Michie 1991); see also Nev.Rev.Stat. 200.481(a) (Michie 1992). Consequently, we reject Porter's ineffective assistance contentions. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2]
 
 B. Eighth Amendment
 
 6
 Porter contends his ten-year sentence is cruel and unusual because it (1) is disproportionate to his crime and (2) punishes him for his status of being a drug addict. Porter's first contention fails under Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), and Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). We reject Porter's second contention because he entered an Alford plea to possession with intent to sell marijuana; he was not punished merely for being an addict.
 
 C. Involuntary Plea
 
 7
 Porter contends that his plea was involuntary. Specifically, he contends that his chronic alcoholism and drug addiction rendered him incompetent when he entered his plea on December 12, 1993. In support of this claim, Porter alleges that on "December 6, 1993, in district court, Dept. VI, [he] was declared mentally incompetent to proceed to trial, said to be high on drugs." Porter has not alleged that he was high on drugs on December 12, 1993, the day he entered his plea and his general history as a chronic alcoholic and drug addict is insufficient to invalidate his plea. Cf. Ybarra v. United States, 461 F.2d 1195, 1199 (9th Cir.1972) (noting with approval extra-circuit case concluding that narcotics use by defendant five days before his plea did not render plea involuntary).
 
 
 8
 Although Porter preferred drug treatment to incarceration, he expressly stated at his plea hearing that he understood he could be sentenced from one to fifteen years in prison. Porter agreed that he was entering his plea to avoid possibly harsher punishment on three additional counts and to avoid being charged as an habitual offender. Porter, however, also stated that he understood that the court could nonetheless consider "all the facts and allegations concerning those other charges" when it determined his sentence. Although Porter later changed his mind and attempted to withdraw his plea, Porter has failed to show that his plea was involuntary when made.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The State argues that many of Porter's ineffective assistance allegations are unexhausted or procedurally barred. We disagree. Porter raised the same arguments in his affidavit in support of his state petition for post-conviction relief. Consequently, those allegations are exhausted. See Smith v. Digmon, 434 U.S. 332, 333, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978) (per curiam) (if presented, allegations are exhausted even if the state court's decision does not expressly address them)
 
 
 [2]
 Porter's contention that his counsel joined with the State in securing his conviction is legally frivolous
 
 
 [3]
 The State's motion to strike Porter's affidavit is denied. The Clerk shall file Porter's reply brief