Richard GATES, Petitioner—Appellant,

v.

E.K. McDANIEL, Respondent—Appellee.

No. 01–16413.

D.C. No. CV–99–00227–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided March 21, 2002.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

Richard Gates appeals the district court's dismissal as unexhausted of seven of the eight grounds for relief in his federal habeas corpus petition. Because six of the seven dismissed grounds were fairly presented to the Nevada state courts, we reverse the district court with respect to those grounds. However, because the ineffective assistance of appellate counsel claim was never presented to the state courts, we affirm as to that claim.

█ We hold that Gates fairly presented the following claims to the Nevada state courts, including the citation of applicable federal law, in his post-conviction *pro se* pleadings: (1) the claim that his Sixth Amendment right to counsel was violated when he was denied his request for counsel during a custodial interrogation; (2) the claim that his Fifth Amendment right against self-incrimination was violated during a three hour custodial interrogation; (3) the claim that his Fifth and Fourteenth Amendment right to due process of law was violated as the result of a conviction based on insufficient evidence as to Count I; (4) the claim that his right to due process under the Fifth and Fourteenth Amendment was denied when he was not notified of the grand jury proceedings and not permitted to testify before the grand jury; (5) the claim that his due process right to a fair trial under the Fourteenth Amendment was violated when prior bad acts evidence was admitted; and (6) the claim that his due process right to a fair trial under the Fourteenth Amendment was violated when the State specifically elicited testimony from the alleged victim that was completely inconsistent with his Grand Jury testimony and failed to correct that testimony.[1]

The fact that the Nevada state courts did not address the claims when denying Gates relief is irrelevant. *See Smith v. Digmon*, 434 U.S. 332, 333, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978) ("[W]hether the exhaustion requirement ... has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court."); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir.1986) (stating that there is a "general presumption that when a state court denies an original habeas petition with no reason given, the state court has had an opportunity to rule upon the merits of the petitioner's claims and has resolved them against the petitioner").

█ We affirm the district court's determination that Gates fairly presented his claim of ineffective assistance of trial coun-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The state concedes that these claims were not rejected by the state courts on the basis of procedural default.

sel to the Nevada state courts through his attorney's presentation of evidence and argument at the state evidentiary hearing and the subsequent appeal to the Nevada Supreme Court. With respect to the ineffective assistance of appellate counsel claim, Gates failed to raise that claim in his pleadings and did not present it at the state evidentiary hearing or on the appeal therefrom. Therefore, we hold that Gates failed to exhaust that claim.

Accordingly, we reverse the district court's dismissal of claims 1–6, affirm its determination that Gates exhausted his claim of ineffective assistance of trial counsel (claim 7), and affirm its determination that Gates failed to exhaust his claim of ineffective assistance of appellate counsel (claim 8). Because Gates filed a mixed petition, we remand the case and instruct the district court to dismiss his habeas petition without prejudice. The district court should instruct Gates that he may either dismiss his entire petition voluntarily and return to state court to exhaust his ineffective assistance of appellate counsel claim (knowing that, upon his return to federal court, his federal petition will likely be time-barred), or he may file an amended federal habeas petition abandoning the ineffective assistance of appellate counsel claim and proceeding with his seven currently exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Calderon v. United States District Court for the Northern District of California*, 134 F.3d 981, 986 (9th Cir.1998).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.