Lawrence A. **LEOMBRUNO,**
Petitioner–Appellant,

v.

Olivia **CRAVEN; et al., Respondents–**
Appellees.

No. 04–35343.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

Lawrence A. Leombruno, Boise, ID, pro se.

L. Lamont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondents–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

Idaho state prisoner Lawrence A. Leombruno appeals pro se the district court's order dismissing without prejudice his 28 U.S.C. § 2254 petition for failing to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Kou Lo Vang v. Nevada,* 329 F.3d 1069, 1072 (9th Cir.2003), and we vacate and remand.

Leombruno contends that he properly exhausted state remedies by filing a petition for habeas corpus in the Idaho Supreme Court, who decided the petition on the merits. We agree.

The order of the Idaho Supreme Court stated that it denied Leombruno's petition "after due consideration." The supreme court's failure to specify the basis for its denial of Leombruno's petition is immaterial, given the fact that Leombruno clearly presented his claim to the court. *See Smith v. Digmon,* 434 U.S. 332, 333–34, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978) (stating that the exhaustion requirement does not "turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in peti-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tioner's brief in the state court"); *cf. Beam v. Paskett,* 3 F.3d 1301, 1305–06 (9th Cir.1993) (concluding that the petitioner's claim was not procedurally defaulted because he had fairly presented the claim in his brief to the Idaho Supreme Court on direct review, even though the Idaho court's opinion did not expressly refer to the claim), *overruled on other grounds by Lambright v. Stewart,* 191 F.3d 1181 (9th Cir.1999) (en banc). In fact, "we have developed a presumption that where the state's highest court gives no reason or citation when dismissing or denying a hearing, it will be presumed that the dismissal or denial was on the merits." *Turner v. Compoy,* 827 F.2d 526, 529 (9th Cir.1987).

Leombruno fairly presented his claim to the Idaho Supreme Court, which is authorized by the Idaho Constitution to exercise original jurisdiction over a writ of habeas corpus. *See* Idaho Code § 19–4202 (providing that either the supreme court or the district court of the county in which the person is detained "shall have original jurisdiction to consider a petition for writ of habeas corpus"); *see also* Idaho Const. art. V, § 9 (giving the Idaho Supreme Court authority to exercise original jurisdiction to issue a writ of habeas corpus). We conclude that the supreme court addressed Leombruno's claim on the merits and that Leombruno, accordingly, has exhausted his state remedies.

Therefore we vacate the district court's order and remand for further proceedings.

VACATED and REMANDED.