[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10988
Non-Argument Calendar

_____

D. C. Docket No. 06-00005-CV-2-JHH-TMP

WILLIE LEON SCOTT,

Petitioner-Appellant,

versus

WARDEN GRANT CULLIVER,
ATTORNEY GENERAL OFFICE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 19, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Leon Scott, an Alabama state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. In his petition, Scott, who is serving a life sentence for capital murder, alleged that his trial counsel was ineffective for (1) failing to object to testimony given by trial court bailiff Mark Tinsley and (2) not requesting a mistrial on account of Tinsley's contact with the jury in his capacity as the court bailiff following his testimony.

Scott's appeal centers on the following facts[1]:

During Scott's jury trial, Tinsley, the court bailiff, took the stand and testified that he had observed Marcus Scott, the petitioner's brother, give money to an individual accompanying a defense witness. As stated by Scott in an amendment to his habeas petition, Tinsley's testimony was offered by the prosecution to impeach that witness by "insinuat[ing] that the money transaction was a payoff for [that witness]'s trial testimony." Scott's trial attorney did not object to Tinsley's testimony.

After testifying, Tinsley briefly continued to work as a bailiff in the courtroom. According to Scott's brief to the Alabama Court of Criminal Appeals, Tinsley was "allowed to escort certain members of the jury outside to give them an opportunity to smoke. Once this came to the attention of the attorney for [Scott],

---

[1] The facts are set out more fully in the Magistrate Judge's Report and Recommendation.

2

the trial court directed that a different bailiff . . . replace Mark Tinsley to oversee the jury members' activities." Ultimately, the jury convicted Scott.

Scott appealed and raised, *inter alia*, the issues of Tinsley's testimony and Tinsley's continued work as a bailiff. The Alabama appellate court affirmed Scott's conviction, finding that Scott's claims were not preserved because he failed to object at trial. The Alabama Supreme Court denied review.

Scott later filed a post-conviction petition in state court pursuant to Alabama Rule of Criminal Procedure 32, asserting that, *inter alia*, Scott's trial counsel provided ineffective assistance by failing to (1) object to the introduction of Tinsley's testimony and (2) move for a mistrial in light of Tinsley's contact with jurors following his testimony. The petition was denied. On appeal, the Alabama Court of Criminal Appeals discussed the United States Supreme Court's standard for ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668 (1984). The court noted the need for a petitioner to establish prejudice by showing that the outcome of the case would have been different but for the trial attorney's errors. In reference to Scott's claim regarding the introduction of Tinsley's testimony, the court stated:

> Tinsley's testimony concerned Scott's family interacting with witnesses, specifically that he observed Marcus Scott giving money to an individual in the courtroom who was accompanying a defense

3

witness. This testimony was clearly admissible for impeachment to show bias. An objection by counsel would properly have been overruled; thus, Scott can show no prejudice by counsel's failure to object.

The Alabama court affirmed the trial court's denial of Scott's Rule 32 petition. The court did not address the alleged error in allowing Tinsley to continue as bailiff after testifying.

Scott then filed his present habeas petition in federal court pursuant to 28 U.S.C. § 2254, asserting a multitude of errors in his jury trial. After a thorough review of Scott's claims, the Magistrate Judge issued a Report and Recommendation recommending that Scott's petition be denied. The district court adopted the Magistrate Judge's report and denied Scott's petition.

Scott filed a motion to appeal and was granted a certificate of appealability (the "COA") on the following issue:

Was the determination by the Alabama Court of Criminal Appeals "contrary to" or an "unreasonable application of" Supreme Court precedent, and not entitled to deference under 28 U.S.C. § 2254(d), when it concluded that petitioner suffered no prejudice and did not receive ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to object to court bailiff Mark Tinsley continuing to assist the jury for a short period of time after he testified in petitioner's trial to seeing petitioner's brother pay money to a man who was with a defense witness?

In reviewing the district court's denial of a habeas petition, we review questions of law de novo and findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000).

A habeas petition brought by an individual in custody pursuant to a state court judgment

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,[2] as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's decision is "contrary to" federal law if (1) the court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (2) the court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but arrives at an opposite result from that arrived at by the Supreme Court. Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of federal law occurs when the state court either (1) correctly identifies the legal rule from

_____

[2] The phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003).

Supreme Court precedent but unreasonably applies the rule to the facts of the case, or (2) "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id.

Under clearly established federal law, a habeas petition based on an asserted claim of ineffective assistance of counsel will prevail only if the petitioner shows that (1) "counsel's performance was deficient" because it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687-88. A reviewing court need not address the performance prong of the test if the defendant cannot meet the prejudice prong, or vice-versa. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000). In determining whether the trial counsel was deficient, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. With regard to the prejudice prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 669.

Scott argues that his trial counsel's performance was deficient because he failed to object to the bailiff's testimony that he observed Scott's brother handing money to someone accompanying a defense witness.[3]

The Alabama Court of Criminal Appeals noted that Tinsley's testimony "concerned Scott's family interacting with witnesses" and "was clearly admissible for impeachment to show bias." Because the testimony was admissible, the court noted that any objection by Scott's attorney would have been properly overruled and found that Scott could show no prejudice by counsel's failure to object to Tinsley's testimony. The court discussed the Strickland standard and concluded that the lack of prejudice to Scott established that counsel's error did not rise to the level of "ineffective assistance."

---

[3] The state argues that the COA limited the issue on appeal to only the question of Tinsley's continuing presence as a bailiff after his testimony and that, therefore, counsel's failure to object to the testimony is outside the COA and should not be addressed by this court. Although it is true that we are limited to the issues presented in the COA, we read the issue specified in the COA as including both the question of Tinsley's contact with the jury following the testimony and the introduction of the testimony itself because the issues are intertwined. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding that the issues specified in the COA may be construed in light of the pleadings and other parts of the record). In the conclusion of his opening brief to this court, Scott raises additional arguments regarding errors made by his trial counsel in not better impeaching one of the prosecution's witnesses and by not objecting to the prosecution's decision to re-test Scott's pants for blood. These issues are beyond the scope of the COA, even if liberally read in light of the pleadings and the record, and will not be reviewed. Murray, 145 F.3d at 1251. Furthermore, Scott mentions these issues only briefly and only in his conclusion; arguments made only in passing are deemed abandoned. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

The Alabama court's resolution of this issue was not contrary to nor an unreasonable application of federal law. The court identified the applicable federal law on ineffective assistance of claims as set forth in Strickland and correctly discussed the requirement that Scott must demonstrate prejudice resulting from any error. The court also correctly applied Strickland; the court determined that the testimony would be admissible under Alabama rules of evidence and thus there was no prejudice by failing to object. We, therefore, deny Scott's habeas petition as to his claim that his counsel rendered ineffective assistance for failing to object to Tinsley's testimony.

Scott also argues that his trial counsel's performance was deficient for failing to request a mistrial when Tinsley was allowed to continue as a bailiff after he testified for the prosecution.

The Alabama Court of Criminal Appeals did not address this issue in its ruling on Scott's Rule 32 petition, although Scott did raise the issue in his brief before that court. We note first that a habeas petitioner is deemed to have exhausted his state remedies by raising an issue to the state court, even if the state court fails to address the issue in its opinion. Smith v. Digmon, 434 U.S. 332, 333 (1978). Second, a state court decision that resolves claims on the merits – rather than on procedural grounds – is still an "adjudication on the merits" entitled to

8

deference under 28 U.S.C. § 2254(d)(1). Wright v. Sec'y for the Dept. of Corr., 278 F.3d 1245, 1255-56 (11th Cir. 2002). Thus, we will grant Scott's habeas petition on this issue only if Alabama's decision was contrary to or an unreasonable application of federal law, even though it did not squarely address the question of Tinsley's contact with jurors after testifying.

In Turner v. State of Louisiana, 379 U.S. 466, 474 (1965), the U.S. Supreme Court held that a defendant's trial is unconstitutionally prejudiced when two key prosecution witnesses also serve as the jurors' official guardians and have a "continuous and intimate association" with the jury "throughout a three-day trial." In Turner, the two principal witnesses for the prosecution were deputy sheriffs who investigated the crime of which the defendant was accused and testified at trial as to their investigative findings and the defendant's confession. Id. at 467. These same deputies also served as "guardians" to the jury, remained in "close and continual association" with the jurors throughout the trial, and even accompanied the jurors to meals and place of lodging, conversing regularly with jurors. Id. at 467-68. The Court found that such extensive contact would lend credibility to the deputy sheriffs' testimony and that allowing two key prosecution witnesses to establish credibility with the jurors would prejudice the defendant, especially where the "credibility which the jury attached to the testimony of these two key

9

witnesses must inevitably have determined whether [the defendant] was to be sent to his death."  Id. at 473-74.

This case is distinguishable from Turner.  See Beto v. Gonzales, 405 U.S. 1052, 1054 (1972) ("Turner, of course, did not set down a rigid, per se rule automatically requiring the reversal of any conviction whenever any Government witness comes into any contact with the jury.")  Tinsley was not a "key" prosecution witness; his testimony merely impeached the testimony of one defense witness.  Furthermore, his association with the jury following his testimony was not "close and continual."  Rather, according to Scott, he simply escorted a few jurors to a cigarette break and was not with the jurors for longer than five minutes. Tinsley's testimony occurred at the very end of the trial, and immediately after he testified, the attorneys delivered their closing arguments.  By the time the trial court gave the jury its instructions, another officer had replaced Tinsley as court bailiff.  Such brief and limited contact with jurors does not establish that Scott's trial was prejudiced.  Id. ("The Court's opinion [in Turner] specifically indicated that association with the jury by a witness whose testimony was 'confined to some uncontroverted or merely formal aspect of the case for the prosecution' would hardly present a constitutional problem."); see also Williams v. Thurmer, 561 F.3d 740, 743-44 (7th Cir. 2009) (concluding that a witness who gave only rebuttal

testimony and had minimal contact with the jury in the form of courtroom security does not require reversal of the conviction under <u>Turner</u>); <u>United States v. Britton</u>, 68 F.3d 262, 264 (8th Cir. 1995) (finding no <u>Turner</u> error where a government witness merely instructed jurors on the use of courtroom audio equipment after testifying).  Accordingly, the Alabama Court of Criminal Appeals's decision to deny habeas relief for the asserted failure of Scott's trial counsel to move for a mistrial on account of the bailiffs continued presence as a bailiff after testifying against Scott was not contrary to or an unreasonable application of federal law.

For the foregoing reasons, we **AFFIRM** the denial of Scott's § 2254 habeas petition.