Eddie **FULLER**, Petitioner-Appellant,

v.

**STATE OF FLORIDA**, Respondent-Appellee.

No. 72–2803
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Eddie Fuller, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., William W. Herring, West Palm Beach, Fla., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM.

■ This appeal comes to us from an order of the district court dismissing without prejudice the petition of a Florida state prisoner for the writ of habeas corpus. We affirm.

■ The appellant filed his habeas petition in the court below alleging that his rights to counsel and to confront witnesses were violated when the trial court allowed the victim to make an in-court identification of the appellant after the victim, on the previous day, had been shown appellant's photograph by the state with neither appellant nor his counsel present.[1] Appellant also alleged that the same issue had been raised on his direct appeal, but that the appeal had been pending for a year. The district court dismissed the habeas petition without prejudice.

While the appeal has been pending in this Court, the Florida appellate court affirmed appellant's conviction, finding that the victim's in-court identification was based upon her recollection from the time of the offense, not upon the photograph. Fuller v. Wainwright, Fla.1972, 268 So.2d 431.

■ The district court acted correctly in dismissing without prejudice appellant's habeas petition. So long as his direct appeal remained pending and absent a showing that his state appeal remedy was inadequate, his state remedies had not been exhausted. 28 U.S.C. § 2254; Bryant v. Bailey, 5th Cir. 1972, 464 F.2d 560; Jackson v. Wainwright, 5th Cir. 1971, 450 F.2d 289; Buel v. Decker, 5th Cir. 1970, 429 F.2d 1314; Perry v. Decker, 5th Cir. 1969, 415 F.2d 773. Appellant's direct appeal having now been decided, he may refile his habeas petition in the court below for consideration on the merits.[2] The judgment below is affirmed.

Affirmed.

---

1. Appellant also raises, for the first time on appeal, the contention that the state trial court wrongfully denied his motion for a continuance. Since this contention was not presented to the court below, we do not reach it here. Walker v. Wainwright, 5th Cir. 1969, 409 F.2d 1311.

2. We of course intimate no view on the merits of appellant's claims.