Ronnie ESCOBEDO, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr.,
Respondent-Appellee.

No. 80–1500
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 6, 1981.

Rehearing Granted Sept. 8, 1981.
See 655 F.2d 613.

Ronnie Escobedo, pro se.

Mark White, Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

The court below dismissed without prejudice Petitioner-Appellant Ronnie Escobedo's petition for habeas corpus, brought under 28 U.S.C. § 2254 (1976), for failure to exhaust state remedies. For the reasons set forth below, we reverse and remand.

## I. FACTUAL BACKGROUND LEADING TO THIS APPEAL

In June 1970, Escobedo pleaded guilty in a Texas district court to charges of felony theft; he was sentenced to four years in prison. Escobedo did not appeal, and has served the four-year sentence in full. In October 1977, Escobedo was convicted of burglary after a jury trial in another Texas district court. In part upon the basis of the 1970 conviction, he was given an enhanced sentence of life in prison for the 1977 conviction. Escobedo has appealed the 1977 conviction to the Texas Court of Criminal Appeals, but that court apparently has not yet ruled on that direct appeal.[1]

Shortly after his conviction in 1977, Escobedo filed a petition for habeas corpus in the Texas courts pursuant to Tex.Code Crim.Pro.Ann. art. 11.07, § 2 (Vernon 1977 & 1980 Supp.), in which he collaterally attacked the 1970 conviction on grounds that his guilty plea was unknowing and involuntary because it was made without effective assistance of counsel. This petition was denied without opinion by the Texas Court of Criminal Appeals in May 1978.

In August 1978, Escobedo filed this action under 28 U.S.C. § 2254 (1976) in federal district court, collaterally attacking through federal habeas corpus his 1970 conviction on the same grounds he had urged in his state habeas petition.[2] Under federal law governing habeas corpus, this attack on his 1970 conviction is not made moot by the fact that Escobedo has completed his four-year sentence, for it cannot be shown "that there is no possibility that any collateral legal consequences will be imposed [on Escobedo] on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968). Escobedo " 'has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' " *Id.* at 58, 88 S.Ct. at 1900 (quoting *Fiswick v. United States*, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946)).[3] The State does not argue to the contrary.

Rather, the State contends here, as it did in the district court, that Escobedo has not exhausted his available state remedies as required by 28 U.S.C. § 2254(b) (1976).[4] One ground that Escobedo has urged in his direct appeal from the 1977 conviction

---

1. According to the habeas petition Escobedo filed in federal court, he is also incarcerated pursuant to four concurrent sentences of ten years each that were assessed him as a result of guilty pleas he entered *after* the 1977 burglary conviction. None of those four cases have been appealed, and they, unlike the 1970 and 1977 convictions, are not relevant to this appeal in any fashion.

2. The allegation made in Escobedo's habeas petition in the court below is admirably concise:

   On June 19, 1970, in 183rd District Court, Harris County, Texas, Cause No. 148798, I pled guilty to the offense of theft. At that time I was indigent, unable to afford the cost of an attorney, but no counsel was appointed for me. I wanted an attorney and did not knowingly or voluntarily waive my right to counsel. A person who I think was an attorney stood behind me at the time I entered my plea, but he did not ask me any questions, did not offer any advice, and in no way assisted me in the case. I believe that I had valid defenses to the charge against me, but the case and the facts were never investigated. As a result of this denial of my right to counsel, I did not make a knowing, intelli-

   gent, or voluntary guilty plea, and I was denied my rights, under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Cf. *Carter v. Hardy*, 526 F.2d 314, 315 (5th Cir.), *cert. denied*, 429 U.S. 838, 97 S.Ct. 108, 50 L.Ed.2d 105 (1976) (federal "[h]abeas corpus lies essentially to challenge illegal restraint; the writ is not available where the sentence challenged has been fully served *and is not being used for enhancement purposes*" (emphasis added)).

4. That section provides as follows:

   An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

   28 U.S.C. § 2254(b) (1976). *See also* 28 U.S.C. § 2254(c) (1976).

(which apparently is still pending in the Texas Court of Criminal Appeals) is that the prosecution used the allegedly void 1970 conviction to enhance to life imprisonment Escobedo's sentence for the 1977 conviction.[5] The State argues here that Escobedo's state-court remedies cannot be deemed to have been exhausted unless and until the Texas Court of Criminal Appeals rejects in Escobedo's direct appeal from his 1977 conviction his collateral attack on the 1970 conviction.

The federal magistrate to whom the district court had referred the case agreed with the State's position, and made this recommendation:

> While it may be true that the issue raised in this petition has been first presented to the state courts under the post conviction requirements of the law, it would appear that, in the interest of comity, the Court should. refrain from determining the merits of the matter until the state courts have rendered a final decision on petitioner's direct appeal. It is clear that the conviction under attack in this action formed an integral part of the conviction and sentence now before the Texas Court of Criminal Appeals, and . . . constitute[s] one of the grounds upon which the petitioner seeks relief [in that court]. Thus in the interest of the principles of comity and sound judicial administration, it is recommended that this cause of action be dismissed, without prejudice, for failure to exhaust state remedies.

The district court followed this recommendation, and Escobedo appeals.

## II. HAS ESCOBEDO EXHAUSTED HIS AVAILABLE STATE REMEDIES?

■ The law on exhaustion is well developed and relatively straightforward in this circuit. As we said in *Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980),

[a] state prisoner is ordinarily not able to obtain habeas corpus relief from a federal court unless he has first exhausted the available state remedies. . . . The exhaustion doctrine is grounded on notions of comity; the exhaustion requirement is an accommodation of the federal system to give the state the initial opportunity to decide (and correct if need be) alleged violations of federal constitutional rights. . . . The exhaustion rule does not relate to the jurisdiction of the federal court but rather addresses the appropriate exercise of that jurisdiction in light of our unique American system of dual sovereignty. Generally speaking, the doctrine requires only that the federal claim have been fairly presented to the highest court of the State, either on direct review of the conviction or in a post-conviction attack. *Id. See also Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979); *Galtieri v. Wainwright*, 582 F.2d 348, 353–54 (5th Cir. 1978) (en banc); and the cases cited in each. "[A] prisoner who has properly raised his federal claim in a collateral state proceeding has exhausted his state remedies and is not required to resort to some other state procedure by which the same issue can be raised or to make successive applications for the same relief in state court." 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4264, at 628 (1978). Further, "whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court . . . . [A] district court commits plain error in assuming that a habeas petitioner must have failed to raise in the state courts a meritorious claim that he is incarcerated in violation of the Constitution if the state appellate court's opinion contains no reference to the claim." *Smith v. Digmon*, 434 U.S. 332, 333–34, 98 S.Ct. 597, 598–99, 54 L.Ed.2d 582 (1978) (per curiam).

---

5. The record does not conclusively demonstrate that Escobedo has, in fact, urged this ground in his pending direct appeal in the Texas Court of Criminal Appeals. Both here and in the court below, however, the State has repeatedly asserted that this *is* one ground that Escobedo has argued in his direct appeal, and Escobedo has not argued to the contrary. Accordingly, for the purposes of this appeal we will assume that Escobedo has collaterally attacked his 1970 conviction on these same grounds in the pending direct appeal of his 1977 conviction.

The State contends that Escobedo's state-court habeas petition cannot be deemed to have "fairly presented" to the Texas Court of Criminal Appeals the grounds for his collateral attack on his 1970 conviction, and that Escobedo therefore has not exhausted his state remedies with respect to this claim. The State begins its argument by citing *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976), and *Tooten v. Shevin*, 493 F.2d 173 (5th Cir. 1974), *cert. denied*, 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975), in support of the proposition that the exhaustion doctrine requires not only that a petitioner have presented his allegations to the state courts, but that he have followed the proper state procedures in so doing. The State then argues that the Texas Court of Criminal Appeals' dismissal of Escobedo's petition was "wholly unrelated to any decision on the merits of [Escobedo's] claim"—*i. e.*, that Escobedo's federal claim was not fairly presented to the state court because some procedural rule of state law barred its consideration while Escobedo's direct appeal was pending. The State suggests two such procedural rules.

First, the State contends that the Texas Court of Criminal Appeals may have dismissed Escobedo's habeas petition as moot because he had already served the four-year sentence assessed him for the 1970 conviction. That court did, at one time, dismiss habeas petitions on this ground. *E. g., Ex parte Putnam*, 456 S.W.2d 916 (Tex.Cr.App. 1970); *Ex parte Brown*, 374 S.W.2d 895 (Tex.Cr.App.1964). More recently, however, the Texas Court of Criminal Appeals has recognized that "because of the serious collateral consequences arising from a felony conviction, the doctrine of mootness does not prohibit a collateral attack by writ of habeas corpus brought after the petitioner has successfully served the sentence for the felony conviction." *Ex parte Clark*, 588 S.W.2d 898, 899 (Tex.Cr.App.1979).[6] It thus appears that the State's first suggestion is ill-founded under Texas law.[7]

More plausibly, the State argues that the Texas Court of Criminal Appeals' rejection of Escobedo's state-court habeas attack on his 1970 conviction was not based on the merits of that collateral attack, but was instead based on the Texas rule that "habeas corpus may not be used as a substitute for appeal." *E. g., Ex parte Powell*, 558 S.W.2d 480, 481 (Tex.Cr.App.1977).[8] We disagree.

6. *Accord, Ex parte Sewell*, 606 S.W.2d 924, 925 (Tex.Cr.App.1980) (en banc); *Ex parte Harp*, 561 S.W.2d 180 (Tex.Cr.App.1978); *Ex parte Guzman*, 551 S.W.2d 387, 388 (Tex.Cr.App. 1977); *Ex parte Langston*, 510 S.W.2d 603, 604 (Tex.Cr.App.1974), *appeal after remand*, 511 S.W.2d 936, 937 (Tex.Cr.App.1974) (granting writ "for the purpose of securing [the petitioner] against further legal consequences arising from the void conviction"); *Ex parte Burt*, 499 S.W.2d 109, 110 (Tex.Cr.App.1973) (adopting the reasoning of *Sibron v. New York, supra*).
    *See also Ex parte Armes*, 582 S.W.2d 434, 437 (Tex.Cr.App.1979); *Ex parte Trillo*, 540 S.W.2d 728, 731 (Tex.Cr.App.1976) (reasoning from *Ex parte Burt* and *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), in concluding that "one may be 'in custody' for habeas corpus purposes even though he is out on bail or his own personal bond"). *Ex parte Trillo* explicitly overruled both *Ex parte Putnam* and *Ex parte Brown*, both of which are cited above in text. 540 S.W.2d at 731 n.1.
    *Cf. Ex parte Paprskar*, 573 S.W.2d 525, 527 (Tex.Cr.App.1978) (because no collateral legal consequences attend prior arrest records of petitioner, habeas corpus held to be an inappro-

priate method to seek expungement of those records).

7. It is quite possible that Escobedo's state remedies would be deemed exhausted for purposes of § 2254(b) even if the Texas Court of Criminal Appeals' decision had been based on grounds of mootness, as that doctrine is defined under state law. Under *Sibron, supra*, Escobedo's habeas attack on his 1970 conviction is clearly not mooted under federal law by virtue of the fact that he has served out his sentence; were the Texas courts to hold that no state remedy was available to Escobedo because his claim was moot as a matter of state law, it could be argued that Escobedo's state remedies would be exhausted for purposes of § 2254(b) because the state courts had held in effect that Escobedo *had* no state remedies. Since Texas law effectively parallels federal law under *Sibron*, however, we need not reach this issue, and express no opinion thereupon.

8. Under such cases as *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973), none of Escobedo's state remedies with respect to the 1977 conviction can be deemed exhausted while his direct appeal from that conviction is pending

It is true that under *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), a constitutionally invalid prior conviction may not be used to enhance the sentence given for a subsequent conviction. And it is also true that the Texas courts have uniformly allowed defendants to attack collaterally the validity of a prior conviction in the context of a direct appeal from an enhanced sentence imposed for a subsequent conviction. *E. g., Walker v. State,* 486 S.W.2d 330 (Tex.Cr.App.1972). But the Texas courts have *not* held that a prior conviction's validity may *only* be attacked in that context. Rather, the Texas courts have allowed defendants to attack collaterally a prior conviction in a *separate* state-court habeas action, even after the subsequent conviction and enhanced sentence have been affirmed on direct appeal.

For example, in *Ex parte Harp,* 561 S.W.2d 180 (Tex.Cr.App.1978), a habeas corpus attack on a prior conviction, the Texas Court of Criminal Appeals voided the prior conviction on grounds that the petitioner had been without counsel at his probation revocation hearing. This prior conviction had been used to enhance the sentence given the petitioner under a later conviction, and the later conviction and enhanced sentence had been affirmed on direct appeal prior to the habeas attack on the first conviction. The court allowed the independent attack on the prior conviction, but refused to review the propriety of the sentence for

the later conviction until the petitioner had filed an independent habeas attack on that conviction in the proper state district court.[9]

This result seems altogether logical and proper, for a prior conviction may have *many* "serious collateral consequences" of the sort that are cognizable under Texas habeas corpus law, including some consequences that are completely distinct and independent from the prior conviction's use for enhancement purposes. In other words, there may not be a complete overlap between the purposes that are served by a collateral attack on a prior conviction in the context of a habeas corpus action, and by a collateral attack on a prior conviction in the context of a direct appeal from a later conviction in which the prior conviction has been used for sentence enhancement.[10]

■ We think it sufficiently clear, then, that Escobedo's state-court habeas petition "fairly presented" his federal claim to the Texas Court of Criminal Appeals, and that the court's decision thereupon was on the merits. That essentially the same claim is also pending as part of Escobedo's direct appeal from the 1977 conviction does not mean that he has not exhausted his state-court remedies with respect to the 1970 conviction, for "[t]he mere possibility of success in additional state proceedings does not bar federal consideration of the claim." *Galtieri v. Wainwright,* 582 F.2d 348, 354

---

with the Texas Court of Criminal Appeals. In the case at bar, however, Escobedo is challenging his 1970 conviction; the *Fuller* line of cases .is therefore inapposite.

**9.** While *Ex parte Harp* is arguably distinguishable on its facts in that the subsequent conviction at issue in that case had already been affirmed on direct appeal, we think this is a distinction without a difference. *Ex parte Harp's* relevance to the case at bar lies in its recognition of the principle that a prior conviction can be collaterally attacked through state habeas corpus independently from an attack on a subsequent conviction in which the prior conviction was used for sentence enhancement. The State has not cited, and our own research does not reveal, any Texas case which holds directly or indirectly that when a prior conviction has been used for sentence enhancement and the enhanced sentence is challenged on

direct appeal on grounds that the prior conviction was void, the prior conviction cannot be attacked independently through a state-court habeas corpus petition.

**10.** For example, the same prior conviction could conceivably be used to enhance the sentence given under a subsequent conviction *other* than the one then pending on direct appeal. Or, the same prior conviction could be used to impeach the credibility of the defendant in the trial of a different charge than the one then pending on direct appeal. From the point of view of both the State and the defendant, it may be more efficient for the collateral attack on the prior conviction to proceed directly through an independent habeas action rather than indirectly through multiple challenges to enhanced sentences in subsequent convictions or to the admission of the prior conviction as impeachment evidence in other trials.

n.12 (5th Cir. 1978) (en banc) (citing *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), and Fifth Circuit cases). Neither is it significant that the Texas Court of Criminal Appeals failed to address explicitly this claim when it dismissed Escobedo's petition without a written opinion: our review of the record from the state-court habeas proceedings indicates that Escobedo squarely raised precisely the grounds upon which he relies in this action, and under *Smith v. Digmon, supra,* the exhaustion requirement is not affected by the Texas Court of Criminal Appeals' failure to address those grounds in these circumstances.

Accordingly, we reverse the judgment of the court below, and remand the case for further proceedings. We express no opinion whatsoever as to the merits of Escobedo's petition, but hold only that he has satisfied section 2254's exhaustion requirement.

REVERSED and REMANDED.