Ex parte David NELSON.

No. 71204.

Court of Criminal Appeals of Texas, En Banc.

Sept. 18, 1991.

Don Gladden, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Betty Marshall, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P.

Applicant was convicted of murder in 1973 and assessed a life sentence. He was paroled in 1983. On January 9, 1990, he was arrested in connection with what he calls a "domestic dispute" in which he allegedly threw a fork across the room. A complaint was sworn out against applicant by one of the arresting officers to the effect that he, the affiant, "has good reason to believe and does believe" that applicant committed aggravated assault. The woman at whom applicant allegedly threw the fork signed an affidavit of non-prosecution on January 29, 1990. The assistant district attorney moved the trial court to dismiss the prosecution, which the court did on February 23, 1990.

Meanwhile applicant had been rearrested on January 24, 1990, pursuant to a warrant issued by the Texas Department of Criminal Justice, Board of Pardons and Paroles Division. A preliminary revocation hearing was held on March 13, 1990. The State produced no other evidence than the conclusory complaint which had formed the basis for the charge that was subsequently dismissed by the district court. The alleged complainant testified at the preliminary hearing and denied that the fork throwing incident ever occurred. Nevertheless the hearing officer recommended that applicant's parole be revoked for violation of a rule of parole, *viz:* that he obey the law. On May 17, 1990, applicant filed the present application for writ of habeas corpus. He alleges the conclusory complaint is an insufficient basis for a finding of probable cause, and that he has thus been deprived of due process and due course of law. Cf. *Gordon v. State*, 801 S.W.2d 899 (Tex.Cr.App.1990) (that affiant "has good reason to believe and does believe" suspect has committed crime provides no probable cause to support arrest warrant).

On February 21, 1991, we filed and set the application so that we could determine cognizability of such an issue under Article 11.07, supra, and, if the issue is cognizable, decide whether applicant has in fact suffered a deprivation of due process or due course of law.

The cause was submitted on March 24, 1991. On that date applicant filed a "Notice of Developments Which May Conceivably Affect Outcome." Therein he informs us that a final revocation hearing has occurred and that his parole was indeed revoked. Further, he informs us that in December of 1990 he was again paroled, albeit this time "subject to more stringent rules, conditions and supervision imposed by the Texas Department of Criminal Justice, Board of Pardons and Paroles Division than his earlier release conditions." Nevertheless, without citation to authority, applicant avers that we should not consider his claim moot because it is of a kind "capable of repetition, yet evading review." We do not agree.

A preliminary hearing in parole revocation proceedings serves to determine probable cause to detain a parolee pending

the decision whether to revoke. See 37 Texas Administrative Code, §§ 145.46 & 145.50 (Supp.1991); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Thus, in attacking the basis for probable cause applicant assails the authority of the Board of Pardons and Paroles Division to detain him pending the final revocation decision. Since the preliminary hearing, however, a final revocation hearing has occurred. There, presumably, a hearings officer determined "by a preponderance of the credible evidence" that applicant did in fact commit the alleged violation of law and that such violation called for the exercise of the Board's discretion to revoke his parole. 37 Texas Administrative Code, §§ 145.51–145.53 & 145.56 (Supp. 1991). We do not know on what evidentiary basis this latter determination was made, but at any rate, applicant does not now claim that any aspect of the final revocation hearing operated to deprive him of due process or due course of law.

Moreover, that his current parole conditions may be more onerous than those of a first time parolee is also attributable to the fact of his ultimate revocation, not to the fact that his detention pending the ultimate decision to revoke might have been unlawful. In other words, any collateral impact his revocation may have upon his current parole conditions does not derive from any failure of proof at the preliminary, probable cause hearing.

In short, the question of authority to detain applicant pending the final decision whether to revoke his parole would indeed appear to be moot.

Nor do we believe applicant's claim is justiciable because the alleged violation of due process and due course of law is "capable of repetition, yet evading review." It is true that the United States Supreme Court has articulated an exception to its own general rule of mootness in these terms. But the Supreme Court has said that "in the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combine[ ]: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, at 149, 96 S.Ct. 347, at 349, 46 L.Ed.2d 350, at 353 (1975); *Murphy v. Hunt,* 455 U.S. 478, at 482, 102 S.Ct. 1181, at 1183, 71 L.Ed.2d 353, at 357 (1982). It is clear that applicant meets the first prong of this test. We do not think he meets the second, however. In essence applicant would have us find there is a "reasonable expectation" he will once again violate a condition of his parole. But the Supreme Court "generally [has] been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury." *Honig v. Doe,* 484 U.S. 305, at 320, 108 S.Ct. 592, at 602, 98 L.Ed.2d 686, at 704 (1988). Moreover, even assuming we could reasonably expect applicant to violate parole conditions again, we cannot say with any degree of confidence that the State would once again rely upon a conclusory complaint to establish probable cause to detain him pending the final revocation decision.

Accordingly, we dismiss the application as moot.