**Jonathan Glenn STOUT, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–94–185–CR, 2–94–186–CR, 2–94–187–CR, 2–94–188–CR, 2–94–189–CR and 2–94–190–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 21, 1995.

Brett D. Boone, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Chiefs of the Appellate Section, Debra Ann Windsor, Sharon McLaughlin, and Michelle Voirin, Criminal District Attorneys, Fort Worth, for Appellee.

Before DAUPHINOT and RICHARDS, JJ., and JOE L. DRAUGHN, J. (Assigned).

**OPINION**

RICHARDS, Justice.

Appellant, Jonathan Glenn Stout, appeals five sentences for the offense of telephone harassment entered against him in separate bench trials on February 3, 1994. In each

case, the trial court ordered appellant to serve 180 days in jail and a fine of $225. Appellant also appeals a sixth sentence for the offense of public lewdness entered the same day, although no point of error is presented on appeal in connection with that case.

Appellant's sole complaint on appeal in each of the harassment cases is that the trial court erred in ordering that the sentences be served consecutively, rather than concurrently.

We affirm.

█ We begin by reviewing the State's contention that appellant's contentions are moot, given that he has already discharged his sentences. By supplemental record following an abatement order entered by this court, the trial court made findings of fact indicating that appellant's sentences have been served and discharged in full. Those findings are not challenged by appellant. In *Ex parte Canada*, the court of criminal appeals held that time credit complaints are rendered moot when an inmate is discharged from confinement, control, and supervision. *Ex parte Canada*, 754 S.W.2d 660, 663 (Tex. Crim.App.1988). Because appellant has fully discharged the complained-of sentences, the question as to whether the sentences should have run concurrently or consecutively is moot.

Had the question not been rendered moot, we would still be obliged to rule in favor of the State.

The Texas Penal Code provides:

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.

TEX.PENAL CODE ANN. § 3.03 (Vernon 1994).

█ This provision requires that sentences run concurrently for offenses "prosecuted in a single criminal action." Appellant admits that each of the telephone harassment cases was called and tried separately; however, he argues that, "in reality," the cases were all tried as part of a single "plea proceeding." In response, the State argues appellant was prosecuted in separate criminal actions under which the trial court was permitted to order consecutive sentences. We agree with the State's position.

None of the cases filed against appellant for the offense of telephone harassment involved the same victims, although the conduct—repeated obscene phone calls to women—was similar. The record clearly shows appellant entered separate guilty pleas in cases that were clearly treated separately by the trial judge. All the cases were called separately, appellant's pleas were entered separately, the court's findings of guilt were made separately, and the testimony was heard separately on each case. As noted by the State, the only commonalities between the cases were that the same judge heard the cases on the same day.

In a concurring opinion in *Duran v. State*, Judge Charles Baird noted the term "criminal action" is defined in Black's Law Dictionary as:

[The] [p]roceeding by which [a] person charged with a crime is brought to trial and either found not guilty or guilty and sentenced. An action, suit, or cause instituted to punish an infraction of criminal laws.

*Duran v. State*, 844 S.W.2d 745, 748 (Tex. Crim.App.1992) (Baird, J., concurring) (quoting BLACK'S LAW DICTIONARY 336 (5th Ed.1979)).

Under this definition, as well as our common understanding of the term "criminal action," we are convinced the trial judge's consecutive sentence order was proper. Appellant's sole point of error is overruled.

The trial court's judgments are affirmed.