In The

Court of Appeals

For The

First District of Texas 

____________


NO. 01-02-00727-CR

_________________



EX PARTE ZIYAD RAHMAN , Appellant



 


On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause No. 916,996

 


MEMORANDUM OPINION 

 Appellant, Ziyad Rahman's, plea before the court to the misdemeanor charge
of harassment invoked a deferred adjudication with conditions of community
supervision. Subsequently, on May 2, 2002, the State filed a motion to adjudicate
appellant's guilt. After a hearing, the trial judge adjudicated appellant's guilt, fined
him $200 and assessed a 180-day sentence, which the court probated for 18 months. 
As a condition of community supervision, appellant served five days in jail.

 On June 26, 2002, the trial court, for no apparent reason, and without any
notification to appellant, amended appellant's conditions of community supervision,
ordering him to serve an additional 15 days' confinement beginning July 3, 2002. 
Once in jail, appellant filed an application for habeas corpus relief. On July 5, 2002,
after two days of incarceration, appellant was granted a hearing on his application. 
The county court judge denied relief.

 On July 8, appellant filed a similar application seeking the same relief from a
district court. This relief, likewise, was denied and appellant was remanded to
custody. Appellant appealed this decision and executed an appeal bond to secure his
release from custody. Two days after the district judge's ruling, on July 11, 2002, the
county court judge rescinded his incarceration order.

 On appeal, appellant asserts he is entitled to a review of the trial court's actions
because the court's conduct has collateral legal consequences. Appellant argues that
the resulting stigma of having served two days of the 15-day term could affect future
educational and employment opportunities, interpersonal relationships, and any
further interaction between appellant and law enforcement personnel and the criminal
justice system.

 Appellant has failed to demonstrate how serving two days in jail has any
collateral legal consequences different from those flowing from his conviction for
harassment when he was required to serve five days in jail as a condition of his
community supervision. Thus, we have nothing to review.

 Appellant realizes that because the trial court rescinded its incarceration order,
a review of that order is no longer a viable issue. However, he argues the appeal
should not be considered moot because there would be nothing to prevent the trial
judge from reinstituting the same order in the future. Appellant requests us to
examine conduct that allows a trial court to avoid appellate review by terminating its
order, then reinstating the same order in the immediate future.

 For such conduct to be reviewable, two components must be present: the
duration of the challenged action must be too short to be fully litigated prior to its
cessation or expiration, and there must be a reasonable expectation that the same
complaining party would be subjected to the same action again. Ex parte Nelson, 815
S.W.2d 737, 739 (Tex. Crim. App. 1991) (citing Murphy v. Hunt, 445 U.S. 478, 482;
102 S.ct. 1181, 1183 (1982); Weinstein v. Bradford, 423 U.S. 146, 149, 96 S. Ct. 347,
349 (1975)). 

 The record reflects that the trial court judge rescinded his questionable
incarceration order after appellant spent two days in jail. The record does not reflect
the trial judge's reasoning for withdrawing the order. We can only assume the trial
judge believed it was not properly instituted.

 Nevertheless, appellant has not produced any evidence, and we find none, that
appellant faces a reasonable expectation of being subjected to similar conduct before
his community supervision period terminates. Therefore, we have nothing to review.

Accordingly, we overrule all of appellant's issues and dismiss this appeal as moot.



 Frank C. Price,

 Justice


Panel consists of Justices Taft, Alcala, and Price. (1)


Do not publish. Tex. R. App. P. 47.2(b).



1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.