IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,363






EX PARTE MICHAEL WAYNE BOHANNAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TARRANT COUNTY





 Johnson, J., delivered the opinion of the Court in which Meyers, Price,
Womack, Keasler, Hervey, and Cochran, JJ., joined. Keller, P.J., filed a
concurring opinion. Keasler, J., filed a concurring opinion in which Price, Hervey,
and Cochran, JJ., joined.


O P I N I O N



 In 1983, applicant was convicted of aggravated rape and sentenced to twenty-five years'
imprisonment. He did not appeal his conviction. In this application for writ of habeas corpus,
applicant contends that he was denied a timely preliminary hearing to determine whether there is
probable cause to believe he violated a condition of his parole. We filed and set this writ application
for submission in order to determine:

 1) whether applicant's claim is justiciable under the "capable of repetition, yet
evading review" doctrine, Weinstein v. Bradford, 423 U.S. 147, 149, 46 L.Ed.2d 350,
96 S.Ct. 347 (1975), given that the Parole Division of the Texas Department of
Criminal Justice (TDCJ) is the same institutional party in preliminary hearing cases;
and

 2) whether Tex. Gov't Code § 508.2811 or Morrissey [v. Brewer, 408 U.S. 471, 475 (1972)] requires the Parole Division to hold a preliminary hearing when a releasee is being confined
on pending criminal charges.


 The parties, as well as the Office of General Counsel of TDCJ, have filed briefs that address
these issues. (1)

 The parties agree, and the writ record reflects, that in 1983, applicant was convicted of
aggravated rape and was sentenced to twenty-five years' confinement. There is also agreement and
record confirmation of the following relevant facts:

 On January 22, 2009, applicant was found to be a sexually violent predator and was civilly
committed for outpatient treatment and supervision.


 On January 26, 2009, applicant was released to mandatory supervision.


 On March 31, 2009, based on monitoring violations in February and March of 2009, a
Tarrant County district judge issued a warrant for applicant's arrest for violating the terms
of his civil commitment. Applicant was arrested pursuant to that warrant on March 31, 2009.


 On April 1, 2009, TDCJ issued a parole violator warrant, which was executed the same day.


 On April 27, 2009, a grand jury indicted applicant for violating the terms of his civil
commitment, a third-degree felony. (2)


 On January 14, 2010, applicant received a preliminary hearing, which was not conducted
earlier because of TDCJ's policy of not holding a preliminary hearing while new criminal
charges are pending.


 Although applicant has received a preliminary hearing, he argues that this case is not moot
because "the issues involved herein are clearly capable of repetition yet evading review due to the
fact that when a writ of habeas corpus is filed seeking to insure the constitutional right to a
preliminary hearing, [TDCJ] now convenes a late preliminary hearing." (Applicant's Brief in
Support of Application, p. 1.) Applicant asserts that the failure to provide a prompt preliminary
hearing in parole-revocation cases is a continuing problem that creates a harm capable of repetition,
yet evading review, because the parole board persists in failing to provide the constitutionally and
statutorily mandated preliminary hearing within a reasonable time. He argues that this continuing
violation "places this case squarely within the line of cases dealing with elections and the need to
show only that the harm occurred" in order to show that "the harm is capable of and continues to
recur yet evad[es] review."

 Applicant also asserts that the failure to hold a preliminary hearing is a due-process violation
under Morrissey and Ex parte Cordova, 235 S.W.3d 735 (Tex. Crim. App. 2007), and that by the
passage of Tex. Gov't Code § 508.2811, the Texas Legislature has encoded the requirements of
Morrissey for a prompt preliminary hearing. He contends that the statute reflects the legislature's
understanding that a preliminary hearing is required by both Morrissey and Cordova and argues that
the Morrissey hearing provides the parolee with an early opportunity to make his showing of a lack
of probable cause for his arrest or to make an adequate showing that the new offense predated his
parole. The parolee could also establish that additional facts refute any probable-cause finding.

 The state argues that, because courts are unwilling to assume that defendants will commit
new crimes or violate the terms of their mandatory supervision, there is no reasonable expectation
that applicant will again be entitled to a preliminary hearing, and thus his claim that he was denied
a timely preliminary hearing is not justiciable under the "capable of repetition, yet evading review"
doctrine.

 The state acknowledges that, pursuant to Tex. Gov't Code § 508.2811, "A clear reading of
the statute confirms that a releasee is entitled to a timely preliminary hearing until he is adjudicated
guilty or pleads guilty." (Respondent's Brief, p. 16.) It further notes that "[t]herefore, it would
appear that TDCJ's policy does violate that statute." Id. Nevertheless, it insists that this is "merely"
a statutory violation that does not justify relief. It argues that a writ of habeas corpus is available for
relief only from jurisdictional defects and violations of constitutional or fundamental rights. It also
argues that Morrissey's requirements for a preliminary hearing do not apply because none of the
reasons that form the basis for providing such a hearing in Morrissey are present in this case.

 In its amicus brief, TDCJ agrees that applicant's claim is justiciable under the "capable of
repetition, yet evading review" exception to the mootness doctrine. TDCJ states that it "maintains
a continuing belief that it is acting with legal authority when denying preliminary hearings for
releasees with pending charges" and cites Tex. Gov't Code § 311.023, (3) a statute that, by its plain
language, applies only to courts.

 TDCJ echoes the state's assertion that Morrissey's requirements have been satisfied through
the judicial process. TDCJ also seems to suggest that § 508.2811(2)(B)'s language, which excludes
from the requirement of a timely preliminary hearing a releasee who has been adjudicated guilty or
has plead nolo contendere to an offense committed after release, should be read to mean that no
releasee is entitled to such a timely hearing. TDCJ contends that "if the releasee had previously had
a preliminary hearing while the charge was pending and was only awaiting a revocation hearing upon
the adjudication of the charge, there would have been no reason for the statute to specify that the
releasee was not entitled to a preliminary hearing after the adjudication of the criminal law violation
because he would have already received one." (4)

 TDCJ also asserts that the state "has numerous policy reasons for not allowing these hearings
prior to an adjudication or plea on the pending criminal charges[.]" It discusses several of these
policy reasons, including that "the preliminary hearing could jeopardize the district attorney's
prosecution of the case." It also suggests that the state "does not want to put the victim through the
trauma of being confronted by the releasee and testifying multiple times[, since p]otentially, these
victims could be called to testify before the grand jury, at a preliminary hearing, at the trial, and at
a revocation or mitigation hearing after adjudication of the charges." It also suggests that conducting
a preliminary hearing and putting witnesses "through the inconvenience of testifying at multiple
proceedings" is not a wise use of state resources.

 To begin our review, we examine whether applicant's claim is justiciable under the "capable
of repetition, yet evading review" doctrine of Weinstein v. Bradford, 423 U.S. 147, 149, 46 L.Ed.2d
350, 96 S.Ct. 347 (1975), given that TDCJ's Parole Division is the same institutional party in all
preliminary hearing cases. Weinstein involved a suit against members of the North Carolina Board
of Parole. The suit claimed that the parole-board members were obligated under the Fourteenth
Amendment to accord certain procedural rights in considering parole eligibility. Weinstein, 423 U.S.
at 147. It was undisputed that, during the ongoing litigation, Bradford, the respondent in Weinstein,
was granted temporary parole and, subsequently, complete release from supervision, thus
"respondent, who challenged the 'governmental action or policy' in question, no longer has any
present interest affected by that policy." Id. at 148.

 The Supreme Court acknowledged the "capable of repetition, but evading review" branch
of the law of mootness, but noted that, in the absence of a class action, (5)
 that doctrine "was limited
to the situation where two elements combine: 1) the challenged action was in its duration too short
to be fully litigated prior to its cessation or expiration, and 2) there was a reasonable expectation that
the same complaining party would be subjected to the same action again." Id. at 148-49. (6) Ultimately,
the Supreme Court concluded that the case, not being a class action, did not clearly satisfy the second
element because there was no demonstrated probability that respondent would again be subjected
to the parole procedure. Weinstein, 423 U.S. at 149. Accordingly, it determined that the case was
moot, and it remanded with instructions to dismiss the complaint. Id.

 In Ex parte Nelson, 815 S.W.2d 737 (Tex. Crim. App. 1991), we set out the "capable of
repetition, yet evading review" exception to the mootness doctrine, as applied to a parolee's habeas
corpus claim regarding sufficiency of the basis for detention pending a decision of whether to revoke
parole. We refused to assume that an inmate would again violate parole conditions and held that he,
like the respondent in Weinstein, failed to meet the second prong of the test-there was no reasonable
expectation that the same complaining party would be again subjected to the same action. Id. at 739. 
Likewise, in the instant cause, we cannot assume that applicant will again be held in custody facing
the prospect of a preliminary hearing to determine whether there is probable cause to believe he
violated a condition of his parole. And, as noted above, applicant has already received such a
preliminary hearing on the instant alleged violation.

 We hold that applicant's claim is not justiciable under the "capable of repetition, yet evading
review" doctrine of Weinstein, supra, and we therefore dismiss this application for habeas corpus. 
Because the cause is moot, we do not address applicant's due-process claim, and that claim is also
dismissed.

 While we must dismiss the due-process claim because it is not justiciable pursuant to habeas
corpus, we note that Morrissey and Cordova are still the law, and we remind TDCJ that it must
conduct preliminary hearings, as required by Tex. Gov't Code § 508.2811, within a time frame that
meets the demands of due process, as set out in Morrissey and Cordova, so that releasees will not
be required to seek this Court's intervention to enforce these rights.


Delivered: May 11, 2011

Publish
1. We have received numerous documents from applicant himself, but applicant is represented by counsel
and is not entitled to hybrid representation. Robinson v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007);
Scheanette v. State, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d 481, 498 (Tex.
Crim. App. 1995); Turner v. State, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991). Because applicant is
represented by counsel, we disregard his numerous pro se submissions and take no action on them.
2. Texas Health and Safety Code §§ 841.082, 841.085.
3. In construing a statute, whether or not the statute is considered ambiguous on its face, a court may
consider among other matters the:

 (1) object sought to be attained;

 (2) circumstances under which the statute was enacted;

 (3) legislative history;

 (4) common law or former statutory provisions, including laws on the same or similar subjects;

 (5) consequences of a particular construction;

 (6) administrative construction of the statute; and

 (7) title (caption), preamble, and emergency provision.

Acts 1985, 69th Leg., ch. 479, § 1, eff. Sept. 1, 1985.
4. This is circular logic and ignores the obvious reason for the exclusion: some releasees are arrested,
indicted, and sentenced before a revocation warrant issues. Regardless of TDCJ's preferred interpretation, the plain
language of Section 508.2811 states, "A parole panel or a designee of the board shall provide within a reasonable
time to an inmate or person described by Section 508.281(a) a preliminary hearing to determine whether probable
cause or reasonable grounds exist to believe that the inmate or person has committed an act that would constitute a
violation of a condition of release," unless the inmate or person meets a designated exception. 
5. "Although respondent sought certification of the action as a class action, the District Court refused to so
certify it and dismissed the complaint." Id. at 147.


6. "[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy
will recur involving the same complaining party." Murphy v. Hunt, 455 U.S. 478, 482 (1982), quoting Weinstein,
supra.