# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00658-CR
NO. 03-11-00659-CR

**David Preston Campbell, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NOS. CR22,208 & CR22,209, HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In the above causes, appellant David Preston Campbell was convicted of the offenses of burglary of a building and theft and sentenced, for each offense, to 18 months' confinement in state jail, with the sentences to run concurrently. Campbell's sentences commenced on September 12, 2011. Since then, the appeals have taken a somewhat circuitous route to final resolution, including being abated for appointment of new counsel after we concluded, contrary to an *Anders* brief filed by Campbell's initial appointed appellate counsel, that the record presented a non-frivolous appellate issue relating to jail credits.[1] Following appointment of new appellate counsel and some briefing extensions at this counsel's request, counsel filed a motion to abate the appeals again, advising that Campbell by then had served the entirety of his eighteen-month

---

[1] *See Campbell v. State*, Nos. 03-11-00658-CR & 03-11-00659-CR, 2012 Tex. App. LEXIS 7124, at *2-4 (Tex. App.—Austin Aug. 23, 2012, no pet.) (mem. op., not designated for publication).

sentences, observing that this intervening development rendered the jail-credit issue moot, and further indicating that counsel did not intend to brief any other grounds for appellate relief. Counsel further explained that he sought the abatements because he intended to file a motion to dismiss the appeals voluntarily and needed to locate his client (evidently Campbell's whereabouts were unknown) in order to obtain his signature. *See* Tex. R. App. P. 42.2(a) (requiring appellant's signature on motion to voluntarily dismiss appeal in criminal case). We granted the second abatement as requested and gave counsel a deadline of June 10, 2013, to file either a proper motion to dismiss or a status report explaining why the motion to dismiss had not been filed. But thereafter, long story short, counsel has shown no further progress toward obtaining the voluntary dismissal contemplated in his abatement motion.[2]

Given these circumstances, and because the only issue that counsel intended to raise on appeal—whether Campbell had received the appropriate amount of jail-time credit for his sentence—is plainly rendered moot by the completion of Campbell's sentence, we will proceed to dismiss the appeals for want of jurisdiction. *See Ex parte Canada*, 754 S.W.2d 660, 663 (Tex. Crim. App. 1988) (explaining that "a time-credit complaint may be rendered moot when an inmate is completely discharged from confinement, control or supervision"); *Stout v. State*, 908 S.W.2d 552, 553 (Tex. App.—Fort Worth 1995, pet. ref'd) (holding that issue regarding length of appellant's sentence was rendered moot when complained-of sentence had been fully discharged); *see also*

---

[2] Counsel did not file either a dismissal motion or status report by the June 10, 2013 deadline. After two more months elapsed without our receiving any such filing, on September 12, 2013, we instructed counsel again to file a response or a motion to dismiss the appeals on or before September 23, 2013. As of this date, we have received no response, briefing, or other communication from either counsel or Campbell.

*St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("We are of opinion that the case is moot because, after petitioner's service of his sentence and its expiration, there was no longer a subject matter on which the judgment of this Court could operate.").  The appeals are dismissed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed

Filed:   December 20, 2013

Do Not Publish

3