In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-14-00072-CR

**LASHONDA RUDOLPH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-11650**

## MEMORANDUM OPINION

Appellant Lashonda Rudolph appeals from the revocation of her community supervision and imposition of sentence for the offense of driving while intoxicated with a child passenger. For the reasons set forth below, we dismiss the appeal as moot.

## I. Background

Pursuant to a plea bargain agreement, Rudolph pleaded guilty to the offense of driving while intoxicated with a child passenger, a state jail felony. *See* Tex.

Penal Code Ann. § 49.045 (West 2011). The trial court adjudicated Rudolph guilty and assessed her punishment at two years in state jail and a fine of $500. In accordance with the plea agreement, the court suspended Rudolph's sentence and placed her on community supervision for a period of five years.

Thereafter, the State filed a motion to revoke Rudolph's community supervision. On January 31, 2014, the trial court held a revocation hearing, during which Rudolph pleaded "true" to eight violations of the conditions of her community supervision. At the conclusion of the hearing, the trial court found that Rudolph had violated the conditions of her community supervision, revoked her community supervision, and imposed a sentence of confinement in state jail for a period of two years. The trial court ordered Rudolph's sentence to run consecutively to two sentences that Rudolph had previously received for convictions in Louisiana.

Rudolph appealed the revocation of her community supervision and imposition of sentence, raising two issues. In her first issue, Rudolph challenged the trial court's order cumulating her sentence in this case with her two sentences for prior convictions in Louisiana. Specifically, Rudolph argued: (1) that the cumulation order that was orally pronounced by the trial court conflicted with the cumulation order in the written judgment, (2) that the evidence was insufficient to

2

support the trial court's order cumulating her sentences, and (3) that the trial court's cumulation order was not sufficiently specific to allow the Texas Department of Criminal Justice to identify the prior Louisiana sentences. In her second issue, Rudolph argued that the judgment revoking her community supervision failed to give her all of the jail-time credit to which she was entitled.

On April 28, 2016, we abated this appeal and remanded the case to the trial court for clarification as to whether the prior convictions referenced in the cumulation order contained in the written judgment were the same prior convictions identified by the trial court in its oral pronouncement of sentence. *See* Tex. R. App. P. 44.4. Following the abatement of the appeal, the trial court conducted a hearing and entered a judgment nunc pro tunc to address the issues raised in the abatement order. On May 26, 2016, this Court received a supplemental record in connection with the proceedings that occurred in the trial court while the appeal was abated. The supplemental record reflects that during the hearing on the issues raised in the abatement order, Rudolph and her attorney informed the trial court that Rudolph had already served her two-year sentence in this case and had been released from state jail on July 21, 2015. The attorney for the State likewise advised the trial court that it was his understanding that Rudolph had already been released from state jail in connection with this case.

3

By letter dated June 6, 2016, this Court requested supplemental briefing from the parties regarding whether the issues raised in this appeal have become moot because Rudolph has discharged her sentence in this case. Both parties submitted supplemental briefing on the mootness issue. In its supplemental brief, the State contends that the appeal is moot because Rudolph has fully discharged the complained-of sentence. In response, Rudolph does not dispute that she has fully discharged her sentence, but instead argues that an exception to the mootness doctrine applies and that we should therefore reach the merits of her appeal. After reviewing the briefs, the supplemental briefs, and the record in this case, we conclude that the appeal is moot and should be dismissed.

## II. Mootness During the Pendency of the Appeal

An appellate court may not decide a moot controversy. *See Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). "This prohibition is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Generally, an appeal becomes moot when there ceases to be a controversy between the litigating parties. *Flores*, 130 S.W.3d 105. Further, an appeal becomes moot when the judgment of the appellate court can no longer have an effect on an existing

controversy or the rights of the parties. *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004); *State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi 1989, pet. ref'd).

A time-credit complaint may be rendered moot when an inmate is completely discharged from confinement, control, or supervision. *Ex parte Canada*, 754 S.W.2d 660, 663 (Tex. Crim. App. 1988); *see also Campbell v. State*, Nos. 03-11-00658-CR, 03-11-00659-CR, 2013 WL 6805585, *1 (Tex. App.— Austin Dec. 20, 2013, no pet.) (mem. op., not designated for publication); *Kennedy v. State*, No. 09-00-309-CR, 2001 WL 995355, *1 (Tex. App.—Beaumont Aug. 29, 2001, pet. ref'd) (per curiam) (not designated for publication). Similarly, a complaint that the trial court erred in cumulating a defendant's sentence typically becomes moot when the defendant fully discharges the complained-of sentence. *Stout v. State*, 908 S.W.2d 552, 553 (Tex. App.—Fort Worth 1995, no pet.).

Rudolph's complaints on appeal pertain only to the trial court's alleged denial of jail-time credit and its order cumulating her sentence. Because it is undisputed that Rudolph fully discharged her sentence in this case, Rudolph's appeal is moot unless one of the two recognized exceptions to the mootness doctrine—namely, (1) the "collateral consequences" exception, or (2) the "capable

of repetition, yet evading review" exception—applies. *See Flores*, 130 S.W.3d at 105; *see also Canada*, 754 S.W.2d at 663.

## A.   The "Collateral Consequences" Exception

The first exception to the mootness doctrine is the "collateral consequences" exception. *Flores*, 130 S.W.3d at 105. This exception applies when a prejudicial event occurs, and the effects of that event "continue[] to stigmatize helpless or hated individuals long after the unconstitutional judgment ha[s] ceased to operate.'" *Id.* (quoting *In re Salgado*, 53 S.W.3d 752, 757 (Tex. App.—El Paso 2001, no pet.)). The collateral consequences exception has been applied by federal courts in criminal cases in which the adverse collateral consequences of a criminal conviction are viewed as preserving the existence of the dispute even though the convicted person has completely served the sentence imposed. *See, e.g., Sibron v. New York*, 392 U.S. 40, 55–58 (1968); *United States v. Villanueva-Diaz*, 634 F.3d 844, 848–49 (5th Cir. 2011); *Escobedo v. Estelle*, 650 F.2d 70, 71 (5th Cir. 1981). This exception has also been applied to preserve the existence of a time-credit complaint, even though the defendant has completed his or her sentence, when "direct or collateral legal consequences may flow from the wrongful denial of earned time credit." *Canada*, 754 S.W.2d at 663–64 (concluding that denial of earned time credit had adverse collateral consequences on defendant, despite the

fact that the defendant had discharged the complained-of sentence, where the defendant was serving a second sentence that had been stacked onto the complained-of sentence, and the denial of earned time credit on the complained-of sentence would serve to delay the defendant's eventual discharge date on the second sentence).

Rudolph argues that this appeal is not moot, despite the fact that she has discharged her sentence in this case, because the State has failed to show "that there is no possibility that any collateral legal consequences will be imposed" as a result of the trial court's denial of jail-time credit.[1] Rudolph relies on *Sibron* to argue that the State had the burden to make such a showing. In *Sibron*, the Supreme Court addressed whether appeals by two defendants challenging their criminal convictions became moot when the defendants fully discharged their sentences for those convictions during the pendency of their appeals. 392 U.S. at 50–58. In concluding that the appeals were not moot, the Court explained that when a defendant challenges his or her conviction, collateral legal consequences

---

[1] In her supplemental briefing, Rudolph addresses only the mootness of her complaint regarding the trial court's alleged denial of jail-time credit. She does not address whether her complaint regarding the trial court's cumulation order has become moot. However, because Rudolph's completion of her sentence in this case potentially moots both of the issues raised on appeal, we analyze whether the mootness doctrine and its exceptions apply to both of Rudolph's complaints on appeal.

resulting from the conviction are presumed to exist. *Id*. at 55–56. According to the Court, this presumption is justified by "the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Id*. at 55. The Court further explained that this presumption can only be overcome by a showing "that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id*. at 57.

Unlike the defendants in *Sibron*, Rudolph does not challenge her conviction on appeal. Instead, she complains only about the trial court's purported denial of jail-time credit and its order cumulating her sentence. *See Canada*, 754 S.W.2d at 663 (noting that defendant's time-credit complaint did not challenge his conviction, but instead challenged "the time necessary to fulfill his sentence"); *Young v. State*, 579 S.W.2d 10, 10 (Tex. Crim. App. [Panel Op.] 1979) (concluding that a defective cumulation order has no effect on the validity of a defendant's conviction). When a criminal defendant does not challenge his or her conviction on appeal, the presumption of collateral consequences recognized in *Sibron* does not apply. *See United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (per curiam) (concluding that when a defendant challenges only an expired sentence, as opposed to his or her conviction, *Sibron*'s presumption of collateral consequences does not apply); *Spencer v. Kemna*, 523 U.S. 1, 14 (1998) (concluding that presumption of

8

collateral consequences did not apply to prisoner's challenge to the revocation of his parole); *Lane v. Williams*, 455 U.S. 624, 631–33 (1982) (concluding that *Sibron*'s presumption of collateral consequences did not apply where habeas petitioners attacked only their sentences that had since expired, and not their convictions); *see also Russell v. Cockrell*, No. Civ.A.4:02-CV-570-Y, 2002 WL 32332222, \*2 (N.D. Tex. Dec. 13, 2002) (concluding that presumption of collateral consequences does not apply to a complaint regarding the alleged denial of time credit towards the completion of the defendant's sentence). Under such circumstances, the defendant bears the burden of identifying some ongoing collateral consequence that is traceable to the alleged error and likely to be redressed by a favorable judicial decision. *See Juvenile Male*, 564 U.S. at 936 (quoting *Spencer*, 523 U.S. at 7, 14).

Rudolph has not identified any direct or collateral legal consequences that she may suffer now or in the future as a result of the trial court's alleged denial of jail-time credit or as a result of the trial court's allegedly erroneous cumulation order. Further, nothing in the record reveals the existence of any direct or collateral legal consequences that could potentially flow from the trial court's alleged denial of jail-time credit or its cumulation order, considering the undisputed fact that Rudolph has fully discharged the complained-of sentence in this case.

9

Accordingly, we conclude that the collateral consequences exception to the mootness doctrine does not apply in this case. *See Canada*, 754 S.W.2d at 663.

**B.     The "Capable of Repetition, yet Evading Review" Exception**

The second exception to the mootness doctrine is when a claim is "'capable of repetition, yet evading review.'" *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005). In the absence of a class action, this exception is "'limited to the situation where two elements combine: 1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and 2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Ex parte Bohannan*, 350 S.W.3d 116, 119 (Tex. Crim. App. 2011) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 148–49 (1975) (per curiam)).

As noted, Rudolph has not appealed her conviction, and it is undisputed that she has fully discharged her sentence in this case. Therefore, to conclude that the "capable of repetition, yet evading review" exception applies, we would essentially have to conclude, among other things, that there is a "reasonable expectation" that Rudolph will again commit a criminal offense and that she will ultimately be convicted and sentenced for that offense. *See Bohannan*, 350 S.W.3d at 119. However, in determining the applicability of the "capable of repetition, yet evading

10

review" exception, courts are generally "'unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury.'" *Ex parte Nelson*, 815 S.W.2d 737, 739 (Tex. Crim. App. 1991) (quoting *Honig v. Doe*, 484 U.S. 305, 320 (1988)) (refusing to assume that a prisoner would violate parole conditions in the future); *accord Bohannan*, 350 S.W.3d at 119–20 (refusing to assume that habeas applicant would "again be held in custody facing the prospect of a preliminary hearing to determine whether there is probable cause to believe he violated a condition of his parole"); *Williams v. Lara*, 52 S.W.3d 171, 184–85 (Tex. 2001) (refusing to assume that complaining parties would commit a crime in the future so as to again be incarcerated in the correctional facility with the complained-of practices and explaining that the complainants were "required by law to prevent their own recidivism"). Nothing in the record indicates that any criminal charges are currently pending or are expected to be filed against Rudolph, and Rudolph does not suggest that she anticipates violating some criminal law in the future. Moreover, even assuming that we could reasonably expect Rudolph to commit another criminal offense in the future and that she would be convicted and sentenced for that offense, we cannot say with any reasonable degree of certainty: (1) that Rudolph would be entitled to receive, yet be denied, jail-time credit towards her sentence for that offense, or (2) that the trial

11

court could or would enter an order cumulating her sentence in that case with another existing sentence. As such, the risk that Rudolph will again be subjected to the alleged actions of which she complains is purely speculative. We therefore conclude that the "capable of repetition, yet evading review" exception does not apply.

Because neither of the exceptions to the mootness doctrine apply in this case, we conclude that Rudolph's appeal is moot. We therefore dismiss the appeal. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on June 30, 2014
Opinion Delivered August 10, 2016
Do not publish

Before Kreger, Horton, and Johnson, JJ.

12