

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-22-00027-CR
_____

EX PARTE LONNIE KADE WELSH

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-6076-20, Honorable Robert W. Kinkaid, Jr., Presiding

May 25, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Lonnie Kade Welsh was arrested and indicted for assault on an officer, employee, or contractor of a civil commitment facility pursuant to section 21.01(b-1) of the Penal Code. By application for writ of habeas corpus, appellant challenged the constitutionality of the statute and requested bail. The trial court denied the habeas application and appellant appealed, pro se. The trial court has since dismissed the criminal charges pending against appellant and released him from confinement.

Accordingly, the legal issues underlying appellant's habeas appeal have been rendered moot. *See Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) ("[A

habeas corpus] applicant must be illegally restrained to be entitled to relief."); *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("Where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot."). Because we have no jurisdiction to decide moot controversies and issue advisory opinions, we directed the parties to show how the Court has jurisdiction over the appeal. *See Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd).

In response, appellant argues that his challenge to the constitutionality of the statute is not moot because the claim is "capable of repetition but evading review." This exception to the mootness doctrine applies when (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005). Appellant claims that "at any time [he] could have criminal charges placed against him due to the nature of civil commitment and [his] behavioral abnormality which encourage arbitrary and discriminatory enforcement." The State refutes that the mootness exception applies and moves to dismiss the appeal.

We will assume, arguendo, that appellant's habeas proceeding was too short in duration to be fully litigated. For the mootness exception to apply, we must also find that there is a "reasonable expectation" that appellant will be subjected to the same action again. That is, that he will again commit an offense and will be indicted under section 21.01(b-1). Texas courts, however, are unwilling to assume that a party seeking habeas relief will repeat the same crimes or type of misconduct that would once again place him

2

subjected to the same action. *See Ex parte Nelson*, 815 S.W.2d 737, 739 (Tex. Crim. App. 1991) (so stating); *Rudolph v. State,* No. 09-14-00072-CR, 2016 Tex. App. LEXIS 8621 *11–12 (Tex. App.—Beaumont August 10, 2016 no pet.) (mem. op.) (same). Moreover, Welsh "is required by law to prevent [his] own recidivism." *Williams v. Huff*, 52 S.W.3d 171, 185 (Tex. 2001). Engaging in speculation about Welsh again committing acts purportedly violating the penal assault statutes resulting in prosecution is a folly we choose to eschew. Because there is no "reasonable expectation" that appellant will be subjected to the same action again, we conclude that the "capable of repetition but evading review exception" to the mootness doctrine does not apply to this appeal.

For these reasons, we grant the State's motion and dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.